FILED BY SDS D.C.

JUL 06 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# United States District Court
## For The
## Southern District of Florida

ROY BELFAST Jr.

Civil Case No. : 1:20-cv-20385-CMA

v.

United States of America

Certified Slip No.

7020 0640 0001 0530 3322

Return Reciept : 9590 9402
4045 8079 6749 78

Complaint On Attorney Janice Bergmann And Request
For Referral to The Committee On Attorney Discipline,
Office of Professional Responsibility. Based Upon Fraud,
Bad Faith, Attorney Misconduct.   JUNE 28th, 2020

Here comes Roy Belfast before the district court
submitting complaint on Attorney Janice Bergmann, based
upon conduct involving dishonesty, fraud, and deceit
in motion submitted to the court under title, "Motion
of Federal Public Defender To Withdraw As Appointed
Counsel Based On Conflict of Interest". Attorney
Bergmann violated 28 U.S.C. § 530 B et seq.

(1)

## Procedural History

- March 10, 2020 Janice Bergmann is appointed counsel.
- April 10, 2020 Movant dispatches letter to Attorney Bergmann and Courts requesting the following and providing the legal reasoning for doing so, demonstrating the cognizability under law.

A. Judicial Notice, concerning § 2241, 7:18-cv-00453-JLK-RSB, Belfast v. Breckon, Western District of Virginia, U.S. District Court.

B. Raise Actual Innocence claim concerning count 1 Conspiracy to Commit Torture, and general conspiracy.

C. Loss of jurisdiction by the District Court, prior to sentencing concerning 18 U.S.C. § 2340 A (c)

- On or about April 28, 2020 Movant recieves a letter dated April 23rd, 2020. Attorney Bergmann in that letter misrepresents active nature of § 2241, 7:18-cv-00453-JLK-RSB, in letter to Movant. Essentially informing movant he would be under represented in brief that was due for submission, and fraud would be knowingly and willingly be done, before the court concerning the activity of § 2241, 7:18-cv-00453-JLK-RSB, to preclude the court from taking judicial notice, as requested in April 10th, 2020 by Movant. Attorney Bergmann on page 2 of letter states the following:

"And the memorandum of law will not include any arguments or present any evidence based on your 28 U.S.C. § 2241 proceedings in the Western District of Virginia. In that proceeding the District Court found it had no jurisdiction

to consider your § 2241 petition because you had not demonstrated that 28 v.s.c. § 2255 was an inadequate and ineffective remedy as required by § 2255 (e). That determination is correct. (See Ex. "A")

• On April 27th, 2020 movant prepares a letter, sent via 7019 2280 0000 6059 4001, trying to prevent fraud from entering the proceeding, and Attorney Bergmann operating on bad faith. Movant states in part:

"If you are unwilling to raise issues related to you in letter dated 3/22/2020, sent via certified mail. 7019 2280 0000 6059 4100, in brief that is due on 4/30/2020. I formally request you submit a motion to withdraw from this case. This will allow me to submit a Amended § 2255 Pro se ......... If a brief has been submitted prior to you recieving this letter that does not reflect the issues I requested, you further request that motion be withdrawn to permit me the means to file a Prose motion."
   (See Ex. "B")

• Movant issues letter upon reciept of April 23rd, 2020, date April 28th, 2020, attempting to have Attorney Bergmann correct any potential fraud that may be submitted, again providing the binary choice of submit issues, or withdraw. Counsel on two different occasions choice to ignore my constitutional right to self represent- ation, and further demonstrated intent to commit fraud on the court. Movant states on page 3:

"I formally request again counsel the following: Raise the actual innocence claim and loss of jurisdiction argument in addition to meeting the court's order either in this brief or supplement; or (2) Withdraw from case, as well as withdraw brief." (See Ex "C")
   (3)

Movant further states in April 28th, 2020 letter on page 2:

" Furthermore the matter in Belfast v. Breckon, civil action 7:18-cv-00453-JLK-RSB, U.S. District Court, Western District of Virginia is not final, as judgment was based upon fraud.   (See Ex."C")

• Attorney Bergmann proceeds with bad faith committing fraud upon the court in Docket Entry 32, on Pages 6 and 7, of **25** stating before the court:

" In September 2018, Mr. Belfast filed in the United States District Court for the Western District of Virginia a § 28 U.S.C. § 2241 petition for Writ of habeas corpus. See Petition, Belfast v. Breckon, No. 7:18-cv-00453, D.E. 1 . . . . . The District Court dismissed the petition for lack of jurisdiction."

Bergmann's fraud in procedural history negated the basis to raise the factual, cognizable Judicial Notice before the court. This paved the way for the government to constitute further fraud in the proceedings in it's brief, by raising arguments that the judicial notice concerning § 2241, 7:18-cv-00453-JLK-RSB would have legally precluded. Counsel Bergmann and Prosecutors acted in concert. This is demonstrated by the following:
The government states:

Page 19 of 34: "**Movant cannot demonstrate actual innocence** because, as discussed infra, his § 924 (c) and (o) convictions are predicated on at least one qualifying crime of violence
Page 20 of 34: Footnote: "Movants claim should be dismissed for **failure to demonstrate actual innocence.**

(4)

Page 26 of 34 : "Movant and his conspirators conspired to possess and did possess, use, or carry a firearm in their conspiracy to torture."

Had counsel Bergmann, judicially noticed facts from § 2241, based upon the new evidence, (not newly discovered), previously unavailable it would have allowed the court to observe Department of Justice documents, now standing DOJ policy, that count 1, Conspiracy to Commit is not a valid conviction, based upon no evidence in DOJ or trial record movant violated 18 U.S.C. § 2340 A(c), according to Congressional Intent. The government clearly could not have submitted further fraud without the help of Attorney Bergmann.

- Movant dispatches letter dated 5/4/2020, attempting to rehabilitate attorney, client interaction, based upon Attorney Bergmann requesting courts observe movants pro se filings. All of this was done as Attorney Bergmann still rejected my calls for self representation and withdrawal of the brief, if the brief did not reflect request dated in 5/4/2020 letter. (Ex. "D")

- Movant attaches amended § 2255, requesting movant submit pages 18-33, in addition to prior request to correct fraud. (Ex. "D")
  Movant on page 18 states: "I hereby move to have the court take judicial notice under Fed. C. R. Pro. 201 of on-going, active § 2241 proceedings." (Ex. "D")

- Movant seeks to further rehabilitate Counsel Bergmann from her **fraud**, dishonor, deceit by providing the following letters prior to government responding: (All reveal attempts to correct the fraud)

1. Letter dated 5/11/2020    Ex. "E"    (courtesy copy)
2. Letter dated 5/12/2020    Ex. "F"
3. Letter dated 5/19/2020    Ex. "G"
4. Letter dated 5/24/2020    Ex. "H"

- After failed attempts, no response based upon letters sent addressing issue relayed, Movant moves for Bergmann's replacement, to correct the known fraud, to all parties involved, to insure the court does not produce a ruling based upon misrepresentation and or omission, by sending the following letters:

A. Letter dated 5/29/2020 Ex. "I"    stating: "This stands full notification on the active nature of 7:18-cv-00453-JLK-RSB, § 2241, U.S. District Court, Western District of Virginia. The United States Court of Appeals for the Fourth Circuit, has granted informa pauperis for a Mandamus in relation to 7:18-cv-00453-JLK-RSB, under case no. 20-1578, In re: Roy Belfast Jr."

B. Letter dated 5/30/2020 Ex. "J"

C. Letter dated June 2, 2020 Ex. "K"

D. Letter dated June 6th, 2020 Ex. "L"  Letter states:

"In addition to fraud perpetrated in this proceeding by attorney Bergmann. I would like the formal notification to the court and the complaint for disciplinary action to also reflect, counsel Bergmann exhibited a blatant

(6)

disregard for my constitutional rights to represent myself based upon letter to counsel dated 4/27/2020."

- Movant submits complaint to Fla Bar on 6/17/2020, and recieves a reply dated June 23, 2020 (See Ex. "M")

- Movant recieves letter dated June 11th, 2020, on or about June 18th, with motion attached by Public Defenders Office on withdrawing from case based upon conflict of interest.

# COMPLAINT

Federal Public Defenders Office Commits Fraud Upon The Court In Motion To Withdraw To Obtain Grant of Withdrawal.


Federal Public Defender Chief Michael Caruso and Janice Bergmann conspired to commit fraud on the court.

Based upon claiming the sole reasoning for request for withdrawal is based upon letter dated April 10th, 2020, and not the other clear and concise requests made to that office, as revealed in procedural history via multiple letters entered under exhibit, in this motion.

The Federal Public Defenders Office is well aware no fraud is permitted in any way in a federal proceeding, and the need to correct such fraud when it takes place, at the earliest available opportunity, yet chose to put in a motion to withdraw without any such correction.

They failed to **reveal** attorney Bergmann, blatantly disregarded my constitutional right for self representation, they also failed to submit all of the correspondence sent on the public record for the court to use to make a factual determination independent of either parties position.

The submission of letters / communications would have revealed before the public, corporate interested persons, court, the full facts.

The primary basis for letter dated 5/29/2020 Ex. "I"
was based upon:

A. Failure to correct fraud in procedural history.

B. Unwillingness to provide in court proceeding
effective representation by correcting known fraud,
and invoke judicial notice of 2244, 7:18-cv-00453-
JLK-RSB and facts contained therein.
   Movant had to proceed pro se in a effort to avoid
having the court create a miscarriage of justice
by issuing a ruling due to under representation, fraud,
dishonesty and deciet. Based upon Federal Public
Defenders Office conspiring with prosecutors to
perpetuate fraud on the court, and deprive movant
full access to constitutional and statutory remedies
only the court can provide.

2008 U.S. Dist. LEXIS 48990 : Riddick v. U.S., June 25th
2008 :
      "Federal Rule of Evidence 201 governs judicial
notice of adjudicative facts, and states in pertinent part,
"A judicially noticed fact must be one not subject to
reasonable dispute in that it is either (1) generally
known within the territorial jurisdiction of trial court
or (2) capable of accurate and ready determination
by resort to sources whose accuracy cannot be reasonably
be questioned." The Eleventh Circuit in United States v.
Jones, 29 F.3d 1549, 1553 (11th Cir. 1994), explained the
rule as follows: In order for a fact to be judicially
noticed under Rule 201 (b) indisputability is a prerequiste.
21 C Wright & K Graham, Federal Practice and Procedure:
Evidence § 5104 at 485 (1977 & Supp. 1994). Since the
effect of taking judicial notice under Rule 201 is to
preclude a party from introducing contrary evidence and
in effect, directing a verdict against him as to the

(9)

fact noticed, the fact must be one that only an unreasonable person would insist on disputing."

Counsel omitted reasons for withdrawal to further undermine this proceeding. Any and all representations that are fraudulent must be addressed before the court, as it appears the District Court has set a course to produce a ruling that will suspend the writ of habeas corpus, and require the Eleventh Circuit Court of Appeals to restore the Writ of Habeas Corpus.

Conclusion

Movant request this complaint be ajoined to initial complaint against Attorney Bergmann, and investigation be launched against the Federal Public Defenders Office based upon this complaint, to determine the extent of the multiple acts of bad faith, and conspired to deprive me of my constitutional rights. (sic.

/s/ Roy Belfast

Certificate of Service

A true and correct copy has been sent to AUSA
Karen Rochlin, 99 N.E. 4th Street, Mia, Fl 33132

4/22/2020  Letter to AUSA Karen
Rochlin

Notice on Conflict of Interest

From: Roy Belfast
Inmate: 76556-004
Address: USP Lee
P.O. Box 305
Jonesville, Va 24263
Cert Slip No. 7019 2280 0008 6059 4018
To: AUSA Karen Rochlin "Prosecutor"
Address: 99. N.E 4th Street Miami Fl 33132
Date: 4/22/2020
AUSA Rochlin

    Enclosed is a letter to Attorney Bergmann. I would also like to inform you I believe it is a conflict of interest for you to be responding back to any § 2255, as you may be brought under subpoena under a evidentiary hearing, based upon DOJ FOIA release.

    If counsel is in adequate in representation, I will be following up with additional litigation concerning FOIA

    Counsel I pray you remain safe and healthy. God Bless you.

                      /s/ Roy Belfast

cc: Michael Caruso
cert: 7019 2280 0008 6059 4063
cc: Bernado Lopez
cert: 7019 2280 0008 6059 4056

# EXHIBIT "A"

April 23rd, 2020

Letter By Attorney Bergmann

Page 2:

" And the memorandum of law will not include any arguments or present any evidence based on your 28 u.s.c. § 2241 proceedings in the Western District of Virginia. In that proceeding the district court found it had no jurisdiction to consider your § 2241 petition because you had not demonstrated that 28 u.s.c. § 2255 was an inadequate and ineffective remedy as required by § 2255 (e). That determination is correct! Section 2255 provided you a remedy because you could raise a claim of newly discovered evidence of innocence under § 2255 (h)(1) in an application for leave to file a second or successive § 2255 motion the Eleventh Circuit. "

Note: The dishonesty, deceit, fraud was intentionally perpetrated in brief dated 04/30/2020, knowingly, willingly and intentionally.

# FEDERAL PUBLIC DEFENDER
## Southern District of Florida
### www.fpdsouthflorida.org

**Michael Caruso**
**Federal Public Defender**

Location: Fort Lauderdale

**Hector A. Dopico**
**Chief Assistant**

Miami:

**Helaine B. Batoff**
**Sowmya Bharathi**
**R. D'Arsey Houlihan**
  **Supervising Attorneys**

**Bonnie Phillips-Williams,**
  **Executive Administrator**

Stewart G. Abrams
Abigail Becker
Elizabeth Blair
Anshu Budhrani
Katie Carmon
Vanessa Chen
Eric Cohen
Tracy Dreispul
Christian Dunham
Daniel L. Ecarius
Aimee Ferrer
Julie Holt
Sara Kane
Ashley Kay
Lauren Krasnoff
Bunmi Lomax
Ian McDonald
Kathleen Mollison
Kirsten Nelson
Joaquin E. Padilla
Laura Sayler
Kathleen Taylor

Ft. Lauderdale:

**Robert N. Berube**
**Bernardo Lopez,**
  **Supervising Attorneys**

Andrew Adler
Huda Ajlani-Macri
Janice Bergmann
Brenda G. Bryn
Timothy M. Day
Robin J. Farnsworth
Margaret Y. Foldes
Juan Michelen
Jan C. Smith
Gail M. Stage
Daryl E. Wilcox

West Palm Beach:

**Peter Birch,**
  **Supervising Attorney**

Robert E. Adler
Lori Barrist
Scott Berry
Caroline McCrae
Kristy Militello

Fort Pierce:

Panayotta Augustin-Birch
R. Fletcher Peacock

April 23, 2020

Roy Belfast, Jr.
Reg. No. 76556-004
USP Lee
P.O. Box 305
Jonesville, VA 24263

RE:   *Roy Belfast v. United States*
      Case No. 20-20385-Civ-Altonaga/Reid

Dear Mr. Belfast:

I hope you are well. Enclosed please find an additional order from the district court. I am at present drafting the memorandum of law required by the magistrate judge's order. I fully expect to file it timely on April 30, 2020.

I will now try to answer the questions in your various letters.

If the district court grants your 28 U.S.C. § 2255 motion and vacates your 18 U.S.C. § 924(o) and (c) convictions as unconstitutional under *Davis*, it is likely that will unravel your current sentence and require a full resentencing under the "sentencing package" doctrine. Keep in mind that this is my best judgment in light of the current state of the law, and is not a guarantee of anything. But that is what other judges in the Southern District of Florida have done in similar cases.

Nothing related to the invalidity of your other convictions can be argued in your current proceedings. The only source of the district court's jurisdiction to hear your current § 2255 motion is the order of the United States Court of Appeals for the Eleventh Circuit on your application for leave to file a second or successive § 2255 motion. The Eleventh Circuit's order (pp. 7-8) denied the application as to the claims raised in your *pro se* "Motion to Supplement Issues upon Grant of 28 U.S.C. § 2255" as well as the documents and citations attached as exhibits.

| **Miami** | **Ft. Lauderdale** | **West Palm Beach** | **Ft. Pierce** |
|---|---|---|---|
| 150 West Flagler Street | One East Broward Boulevard | 450 Australian Avenue South | 109 North 2nd Street |
| Suite 1500 | Suite 1100 | Suite 500 | Ft. Pierce, FL 34950 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301-1842 | West Palm Beach, FL 33401-5040 | Tel: (772) 489-2123 |
| Tel: (305) 536-6900 | Tel: (954) 356-7436 | Tel: (561) 833-6288 | Fax: (772) 489-3997 |
| Fax: (305) 530-7120 | Fax: (954) 356-7556 | Fax: (561) 833-0368 | |

April 23, 2020
Roy Belfast, Jr.
Page 3

You may continue to write to me and to others presenting arguments as to why additional claims may be raised in your current § 2255 proceeding before the district court, but I would rather spent my time crafting a well-reasoned memorandum of law so that you may be put in the best position to obtain relief on your *Davis* claim.

Best wishes and stay safe.

Sincerely,

s/ *Janice L. Bergmann*

JANICE L. BERGMANN
Assistant Federal Public Defender

Enclosure

# EXHIBIT "B"

## 4/27/2020 Letter to Counsel Bergmann

Movant states: "If you are unwillingly to raise issues related to you in letter dated 3/22/2020, sent via certified mail. 7019 2280 0000 6059 4100, in brief that is due on 4/30/2020. I formally request you submit a motion to withdraw from this case."

Note: Counsel refused to honor movant's request for self representation and refused to withdraw after reciept of letter, and sustained the fraud in 04/30/2020 Brief Document 32.

From: Roy Belfast Jr.
Inmate: 76556-004
Address: U.S.P. Lee
P.O. Box 305
Jonesville, Va 24263                    7019 2280 0000 6059 4001
Sent Via Certified Mail No: 7019 2280 0000 6059 4001
Return Reciept: 9590 9402 3551 7305 9975 45
To: Attorney Janice Bergmann
Address: One East Broward Boulevard
Suite 1100, Ft Lauderdale, Fl 33301
Date: 4/27/2020

Attorney Bergmann,        If you are unwilling to raise issues
related to you in letter dated 3/24/2020, sent via certified
mail 7019 2280 0000 6059 4100, in brief that is due on
4/30/2020, I formally request you submit a motion to
withdraw from this case. This will allow me to submit
a Amended § 2255 Pro-se. You can not be reached by
any available form of communication.

        If a brief has been submitted prior to you recieving
this letter, that does not reflect the issues I requested,
you further request that motion be withdrawn to permit
me the means to file a Pro-se motion. I am trying to
avoid having to raise any future issues like ineffective
assistance of counsel.

cc: AUSA Karen Rochlin
cert: 7019 2280 0000 6059 4018        7019 2280 0000 6059 4018
cc: Bernado Lopez
cert: 7019 2280 0000 6059 4056        7019 2280 0000 6059 4056
cc: Michael Caruso
cert: 7019 2280 0000 6059 4063        7019 2280 0000 6059 4063

EXHIBIT "C"

April 28th, 2020 Letter to Counsel Bergmann

Page B(3) states:

"I formally request again counsel the following: Raise the actual innocence claim and loss of jurisdiction argument in addition to meeting the court's order either in this brief or supplemental; or (2) Withdraw from case, as well as withdraw brief, to allow me to file a Amended § 2255, which is already prepared."

Page B(2) states: Furthermore the matter in Belfast v. Breckon, civil action: 7:18-cv-00453-JLK-RSB, U.S. Dist. Court, Western District of Virginia is not final, as judgment was based upon misrepresentation."

Note: Counsel clearly refused to honor request, 4/28/2020 letter is clear and concise.

EXHIBIT "C"

Document 32, Entered on FLSD, 04/30/2020

Note: Fraud in the brief.

Page 6, 7 of 25:

" In September 2018, Mr. Belfast filed in the United States District Court for the Western District of Virginia a 28 U.S.C. § 2241 petition for writ of habeas corpus. See Petition, Belfast v. Breckon, No. 7:18-cv-453, DE 1 . . . . . The district court dismissed the petition for lack of jurisdiction."

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20385-CIV-ALTONAGA/REID
(Criminal Case No. 06-20758-CR-ALTONAGA)

ROY BELFAST,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## MOVANT'S MEMORANDUM OF LAW

Movant Roy Belfast, Jr.,[1] by and through undersigned counsel, respectfully files this memorandum of law as required by the Court's order, DE 13, and in support thereof, states as follows:

## PROCEDURAL HISTORY

**A.**    **The charges.**

In November 2007, a grand jury in the Southern District of Florida returned an eight-count second superseding indictment charging Mr. Belfast with: conspiracy to commit torture, in violation of 18 U.S.C. §§ 2340A and 2340(1) (Count 1); conspiracy to use and carry firearms during and in relation to a crime of violence – that is, the violations of 18 U.S.C. § 2340A as set forth in Count 1 and

---

[1]    Mr. Belfast's correct name is Roy Belfast, Jr. The current caption of the instant proceeding is incorrect.

Counts 3 through 7 – in violation of 18 U.S.C. § 924(o) (Count 2); five counts of torture, in violation of 18 U.S.C. §§ 2340(A), 2340(1) and 2 (Counts 3 through 7); and using and carrying a firearm during and in relation to a crime of violence – that is, the offenses set forth in Count 1 and Counts 3 through 7 – in violation of 18 U.S.C. § 924(c) (Count 8).   Crim.DE 257.[2]

### B.   The Court's instructions to the jury.

Mr. Belfast proceeded to trial, where the jury was instructed that in order to convict him of the conspiracy to commit torture offense in Count 1, it must find beyond a reasonable doubt:

| First: | That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; |
|---|---|
| Second: | That the Defendant, knowingly and voluntarily joined or participated in the conspiracy; and |
| Third: | That the object of the unlawful plan was to commit torture, as charged. |

Crim.DE 580 at 4-5 (written jury instructions); *see* Crim.DE 636 at 156-57 (identical instructions as read to the jury).

As to the 18 U.S.C. § 924(o) offense in Count 2, the Court instructed the jury that it could convict Mr. Belfast of a § 924(o) offense if it found that he conspired to carry a firearm during and in relation to "a crime of violence," and to possess a firearm in furtherance of "a crime of violence":

---

[2]    "Crim.DE ___" is used herein to denote docket entries in Mr. Belfast's underlying criminal proceeding, Case No. 06-20758-CR-Altonaga.

Title 18, United States Code, Section 924(o), makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 924(c)(1).   Section 924(c)(1) makes it a crime for anyone to carry a firearm during and in relation to a crime of violence, and to possess a firearm in furtherance of a crime of violence.

* * *

What the evidence in the case *must* show beyond a reasonable doubt is:

First:   That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

Second: That the Defendant, knowingly and voluntarily joined or participated in the conspiracy; and

Third:   That the object of the unlawful plan was to carry a firearm during and in relation to a crime of violence, and to possess a firearm in furtherance of a crime of violence.

Crim.DE 580 at 7 (emphasis added) (written jury instructions); *see* Crim.DE 636 at 160-61 (identical instructions as read to jury).   Elsewhere the instructions advised the jury that both conspiracy to torture and substantive torture were the relevant crimes of violence.   *See* Crim.DE 580 at 4 (written jury instructions); Crim.DE 636 at 155 (identical instructions as read to jury).

In the instructions regarding the § 924(c) offense in Count 8, however, the jury was instructed that the "crime of violence" in question was the offense charged in Count 1 (conspiracy to torture) "and/or" the offense charged in Count 6 (substantive torture):

Title 18, United States Code, Section 924(c)(1), makes it a separate federal crime or offense for anyone to carry a firearm during and in relation to a crime of violence, or to possess a firearm in furtherance of a crime of violence.

3

The Defendant can be found guilty of that offense as charged in Count Eight of the indictment only if all of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant committed at least one of the crimes of violence charged in Count One, paragraphs 24 through 34 and/or Count Six of the Second Superseding Indictment;

Second:   That during the commission of one or both of those crimes of violence the Defendant knowingly carried or possessed a firearm, as charged; and

Third:    That the Defendant carried the firearm "in relation to," or possessed the firearm "in furtherance of," the crime of violence.

Crim.DE 580 at 8 (written jury instructions); *see* Crim.DE 636 at 162-63 (identical instructions as read to jury).

### C.    The jury's verdict and the Court's sentence.

The jury returned a general verdict in which it found Mr. Belfast guilty of all eight offenses charged in the Second Superseding Indictment.   Crim.DE 581.   The jury made no special findings with respect to the predicate offenses underlying the § 924(o) conviction on Count 2, or the § 924(c) conviction on Count 8.   *See id.*   The Court imposed a term of imprisonment of 1164 months (97 years):   240 months on Count 1; 240 months on Count 2; 120 months each on Counts 3 through 7; and 84 months on Count 8, all to be served consecutive to each other.   Crim.DE 618.

### D.    The direct appeal.

Mr. Belfast appealed, raising the following issues:   (1) the Torture Act is unconstitutional; (2) his 18 U.S.C. § 924(c) convictions were unlawful because, *inter alia*, that provision could not apply extraterritorially; (3) an accumulation of

4

procedural errors rendered the trial fundamentally unfair; and (4) the district court erred in sentencing him. *See Belfast v. United States*, 611 F.3d 783, 793 (11th Cir. 2010). The Eleventh Circuit affirmed Mr. Belfast's convictions and sentences holding, *inter alia*, that substantive torture is a crime of violence for purposes of § 924(c)(3), *id.* at 814 & n.7, and the Supreme Court denied Mr. Belfast's petition for a writ of certiorari, *Belfast v. United States*, 562 U.S. 1236 (2011).

E.      **Prior postconviction proceedings.**

In the time since his convictions and sentences were affirmed on direct appeal, Mr. Belfast has filed a number of postconviction motions. Critical to consideration of the instant § 2255 motion are the following:

In February 2012, Mr. Belfast filed his first 28 U.S.C. § 2255 motion *pro se*. Crim.DE 655. This Court denied the motion as meritless. *See Order, Belfast v. United States*, No. 12-20754, DE 21 (S.D. Fla. Feb 14, 2013). The United States Court of Appeals for the Eleventh Circuit denied a certificate of appealability, Order Denying Certificate of Appealability, *Belfast v. United States*, No. 13-11303 (11th Cir. July 15, 2013), and denied a motion seeking reconsideration of its certificate of appealability denial, Order Denying Reconsideration, *id.* (11th Cir Sept. 4, 2013).

In June 2016, Mr. Belfast filed in this Court a counseled 28 U.S.C. § 2255 motion alleging that his 18 U.S.C. § 924(o) and (c) convictions were invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Crim.DE 678. He simultaneously filed an application for leave to file a second of successive § 2255 motion in the Eleventh Circuit. Application, *In re Roy Belfast, Jr.*, No. 16-13950 (11th Cir. June

5

22, 2016). The Eleventh Circuit denied the application on the ground that it had previously determined on direct appeal that torture was a crime of violence under § 924(c)'s elements clause, and that determination was law of the case even if *Johnson* invalidated § 924(c)'s residual clause. Order at 6, *id.* (11th Cir. July 27, 2016). This Court thereafter denied the motion as an unauthorized second or successive motion. Crim.DE 679. The Eleventh Circuit dismissed the appeal. Order, *Belfast v. United States*, No. 16-15828 (11th Cir. Dec. 8. 2016).

In March 2018, Mr. Belfast filed in this Court a *pro se* § 2255 motion alleging newly discovered evidence arising from Freedom of Information Act (FOIA) litigation he had undertaken. Crim.DE 279. This Court denied the motion as an unauthorized second or successive motion. Crim.DE 736. The Eleventh Circuit dismissed the appeal for want of prosecution. Order, *Belfast v. United States*, No. 18-12369 (11th Cir. July 12, 2018). The Eleventh Circuit also denied Mr. Belfast's *pro se* application for leave to file a second or successive § 2255 motion based on the same newly discovered evidence. Order, *In re Roy Belfast Jr.*, No. 18-12053 (11th Cir. June 8, 2018).

In September 2018, Mr. Belfast filed in the United States District Court for the Western District of Virginia a 28 U.S.C. § 2241 petition for writ of habeas corpus. *See* Petition, *Belfast v. Breckon*, No. 7:18-cv-453, DE 1 (W.D. Va. Sept. 13, 2018). The petition challenged the legality of the convictions and sentences imposed by this Court on numerous grounds, including grounds premised on Mr. Belfast's prior FOIA litigation. *See id.* The district court dismissed the petition for lack of jurisdiction,

concluding Mr. Belfast failed to demonstrate that his 28 U.S.C. § 2255 remedy was inadequate or ineffective under § 2255(e), and it therefore lacked jurisdiction to consider his § 2241 petition.  *See* Memorandum Opinion, *id.*, DE 43 (W.D. Va. Sept. 17, 2019).

### F.    The instant proceedings.

On January 28, 2020, Mr. Belfast filed another *pro se* § 2255 motion in this Court.  Crim.DE 740; DE 1.  In it, he challenged his § 924(o) and (c) convictions as invalid in light of *United States v Davis*, 139 S. Ct. 2319 (2019).  DE 1.  In a separate *pro se* document entitled "Motion to Supplement Issues upon Grant of 28 U.S.C. § 2255" filed the same day, Mr. Belfast alleged the following additional claims:

1.    The jury was never instructed in relation to an overt act concerning Count 1 conspiracy to commit torture violating Petitioner's "due process;"

2.    The government failed to prove beyond a reasonable doubt Petitioner violated Count 1;

3.    Removal of Count 1 requires the dismissal of Counts 3 through 7 based upon how the jury was instructed;

4.    The district court created collateral consequences when issuing an $800 assessment requiring the removal of Counts 3 through 7.

DE 3.

The day before these documents were filed in this Court, Mr. Belfast filed in the Eleventh Circuit an application for leave to file a second or successive § 2255 motion.  *See* DE 6, 7; *see also* Application, *In re Roy Belfast, Jr.*, No. 20-20385 (11th Cir. Jan. 27, 2020).  In his *pro se* application to the court of appeals, Mr. Belfast

7

raised one ground:   that his § 924(o) and (c) convictions were invalid in light of *Davis*.

DE 8 at 16-17, 36-41.   In a memorandum in support of the application, Mr. Belfast

made a number of arguments, described by the court of appeals as follows:

> In an attached memorandum of law, [Belfast] argues that his conviction
> for conspiracy to commit torture is not a valid predicate offense under
> § 924(c)(3)'s elements clause because conspiracy to commit torture does
> not by its nature pose a serious risk of physical force.   He contends that,
> because the jury returned a general verdict, it cannot be determined
> whether his § 924(o) and (c) convictions were predicated on his
> conspiracy to torture or substantive torture charges.   He also assets
> that the jury was not instructed that it had to find that he committed an
> overt act in furtherance of the conspiracy.   Belfast also asserts that the
> substantive act of torture does not necessarily require a physical act of
> violence.

DE 8 at 4.

To the application that he filed in the Eleventh Circuit, Mr. Belfast attached

copies of the *pro se* § 2255 motion and "Motion to Supplement Issues upon Grant of

28 U.S.C. § 2255" that he filed the day before in this Court.   *Compare id.* at 36-50

*with* DE 1 & 3.   Mr. Belfast also attached to the application a number of exhibits.

DE 8 at 51-202.

The court of appeals granted the application in part and denied it in part.   *Id.*

at 7-8.   First, it noted that in Belfast's direct appeal, it had determined that

substantive torture qualified as a predicate under § 924(c)(3)'s elements clause.   *Id.*

at 8 (citing *Belfast*, 611 F.3d at 841 & n.7 and 18 U.S.C. § 2340A(a), (c)).   It therefore

denied the motion with respect to any argument that substantive torture is not a

crime of violence for purposes of § 924(c):   "to the extent that Belfast argues that

8

substantive torture is not a crime of violence, *Belfast* remains the controlling law." *Id.*

Next, the Eleventh Circuit granted Mr. Belfast's application "as to his *Davis*-based claim." *Id.* at 9. It held that because it is not clear whether conspiracy to commit torture is a crime of violence under the elements clause in § 924(c)(3)(A), Mr. Belfast made a *prima facie* showing that he satisfied 28 U.S.C. § 2255(h)(2) on the basis that his § 924(o) and (c) convictions may be unconstitutional under *Davis*. *Id.*

Finally, the court of appeals denied Mr. Belfast's application as to his remaining claims. Specifically, it denied the application as to the claims raised by Mr. Belfast in his *pro se* "Motion to Supplement Issues upon Grant of 28 U.S.C. § 2255." *Id.* at 8. The court of appeals noted that "the documents that he cites are not newly discovered because they were all filed in his prior proceedings, and the Supreme Court decisions that he cites are not new because they were all issued before he filed his original § 2255 motion in 2012." *Id.* at 8-9 (citing § 2255(h)(1) & (2)). *Id.* at 8-9.

After the Eleventh Circuit granted Mr. Belfast's application in part, the Court appointed the Federal Public Defender to represent Mr. Belfast in the instant proceeding and set a briefing schedule. DE 13. The Court ordered the Federal Public Defender to file a memorandum of law "addressing whether the motion should be granted; and, specifically discussing whether conspiracy to commit torture qualifies as a predicate offense" supporting Mr. Belfast's convictions under § 924(c) and (o) in light of *Davis*. *Id.* at 3. The Court specifically stated that it would not

9

consider any claims other than Mr. Belfast's *Davis* claim because "[t]he Eleventh Circuit has limited Movant's successive application to his *Davis*-based claim." *Id.* ("[N]o other claims may be considered"). This memorandum of law is respectfully submitted in response to the Court's order.

I.  **The Court should grant Mr. Belfast's 28 U.S.C. § 2255 motion; his convictions under 18 U.S.C. § 924(o) and (c) in Counts 2 and 8 are unconstitutional in light of *United States v. Davis*, 139 S. Ct. 2319 (2019).**

Title 18, U.S.C. § 924(c) imposes mandatory consecutive terms of imprisonment for "any person who, during and in relation to a crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." § 924(c)(1)(A). An offense is a "crime of violence" for purposes of § 924(c) if it is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). Section 924(c)(3)(A) is commonly referred to as the elements clause; § 924(c)(3)(B) is the residual clause. The Supreme Court struck down the residual clause as unconstitutionally vague in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319, 2336 (2019).

Mr. Belfast's § 924(o) and § 924(c) convictions in Counts 2 and 8 were predicated on two offenses: conspiracy to commit torture, in violation of 18 U.S.C.

§ 2340A(c), and substantive torture, in violation of 18 U.S.C. § 2340A.   The Eleventh Circuit held in Mr. Belfast's direct appeal that substantive torture is a "crime of violence" for purposes of § 924(c)(3)'s elements clause.   *See United States v. Belfast*, 611 F.3d 828, 841 & n.7 (11th Cir. 2010).   The survival of Mr. Belfast's § 924(o) and (c) convictions therefore turns on whether conspiracy to commit torture qualifies as a crime of violence under the elements clause.   It does not.

A.     **Conspiracy to commit torture under 18 U.S.C. § 2340A(c) is not a "crime of violence" under 18 U.S.C. § 924(c)(3)'s elements clause.**

This Court must apply the categorical approach to determine whether an offense constitutes a "crime of violence" under the elements clause.   *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019).   Under the categorical approach, this Court must "look to whether the statutory elements of the predicate offense necessarily require, at a minimum, the threatened or attempted use of force."   *Id.* "That is, the particular facts of the case are irrelevant because the inquiry begins and ends with the elements of the crime."   *Id.*   Here, conspiracy to commit torture does not have an element of force sufficient to satisfy § 924(c)(3)'s elements clause.   It is not a crime of violence for purposes of § 924(c) or (o).

In October 1994, the United States became a party to the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85 ("Treaty").   Among other matters, the Treaty called for its parties to ensure that acts of torture are criminal offenses.   *See id.*, Arts. 4 and 5(2).   In accordance with the Treaty, which was not

11

"self-executing, Congress enacted Title 18 U.S.C. §§ 2340-2340A, the 'Torture Act.'"

See *Reyes–Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1240 n.1 (11th Cir.2004).

The Torture Act provides that "[w]hoever outside the United States commits or attempts to commit torture shall be fined ... or imprisoned not more than 20 years, or both, and if death results ... shall be punished by death or imprisoned for any term of years or for life." 18 U.S.C. § 2340A. A person who conspires to commit an offense under the Torture Act is subject to the same penalties prescribed for the offense itself. *Id.* § 2340A(c).

> ### 1. To convict a defendant of conspiracy to commit torture under § 2340A(c), the government need prove only an agreement, knowledge, and voluntary participation.

Conspiracy to commit torture is defined in 18 U.S.C. § 2340A(c), which states: "A person who conspires to commit an offense under this section shall the subject to the same penalties (other than the penalty of death) as the penalties prescribed for the offense, the commission of which was the object of the conspiracy." § 2340A(c). No overt act of any kind is required to be convicted of a violation of § 2340A(c). *See id.*; *United States v. Pascacio-Rodriguez*, 749 F.3d 353, 362 & n.45 (5th Cir. 2014).

Mr. Belfast's jury was instructed that in order to convict him of the conspiracy to commit torture offense in Count 1, it had to find beyond a reasonable doubt:

First:    That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

Second:   That the Defendant, knowingly and voluntarily joined or participated in the conspiracy; and

12

> Third:     That the object of the unlawful plan was to commit torture,
>            as charged.

Crim.DE 580 at 4-5 (written jury instructions); *see* Crim.DE 636 at 156-57 (identical instructions as read to jury).   Therefore, the elements of conspiracy to commit torture are:   (1) an agreement to commit torture, (2) knowledge, and (3) voluntary participation.   *See id.*

> **2.     A conspiracy offense does not have "as an element the use, attempted use, or threatened use, of physical force" where its only elements are an agreement, knowledge, and voluntary participation.**

Other conspiracy offenses with elements identical to conspiracy to commit torture have been held not to satisfy § 924(c)(3)'s elements clause because none of their elements require the use, attempted use, or threatened use of violent force.

For example, in *Brown*, the Eleventh Circuit held that the three elements of Hobbs Act conspiracy are:   "(1) two or more people, including the defendant, agreed to commit Hobbs Act robbery; (2) the defendant knew of the conspiratorial goal; and (3) the defendant voluntarily participated in furthering that goal."   942 F.3d at 1075 (citing *United States v. Ransfer*, 749 F.3d 914, 930 (11th Cir. 2014)).   The court of appeals held that none of those elements require the physical force necessary to satisfy § 924(c)(3)(A):

> Neither an agreement to commit a crime nor a defendant's knowledge of the conspiratorial goal necessitates the existence of a threat or attempt to use force.   The same goes for the final element—a defendant's voluntary participation that furthers the goal of committing Hobbs Act robbery—because a defendant's voluntary participation may manifest itself in any one of countless non-violent ways.

*Id.* Because conspiracy to commit Hobbs Act robbery does not have an element of physical force, the Eleventh Circuit held it is not a crime of violence under § 924(c)(3)'s elements clause, and therefore cannot sustain a § 924(c) conviction after *Davis. Id.*

The Fifth Circuit has reached the same conclusion with respect to Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy. *See United States v. Jones,* 935 F.3d 266, 271 (5th Cir. 2019) (*per curiam*). Like conspiracy to commit torture and conspiracy to commit Hobbs Act robbery, "RICO conspiracy only requires that (1) two or more people agreed to commit a substantive RICO offense; and (2) the defendant knew of and [(3)] agreed to the overall objective of the RICO offense." *Id.* (internal quotation marks omitted). The Fifth Circuit held that, in light of these elements, "RICO conspiracy is not a crime of violence, and the district court erred in permitting Appellants' § 924 convictions to be predicated on th[at] offense" *Id.*

Accordingly, as *Brown* and *Jones* make clear, if the only elements of a conspiracy offense are an agreement, knowledge, and voluntary participation, that offense does not have "as an element the use, attempted use, or threatened use, of physical force" sufficient to qualify it as a "crime of violence" under the elements clause § 924(c)(3)A). And, after *Davis,* such conspiracies cannot support a conviction under § 924(c) or (o).

14

3. **Because the only elements of conspiracy to torture under § 2340A(c) are an agreement, knowledge, and voluntary participation, it cannot be a "crime of violence" for purposes of § 924(c)(3).**

Mr. Belfast's jury was instructed that to convict him of conspiracy to commit torture under § 2340A(c), they needed to find the exact same three elements as those supporting the Hobbs Act conspiracy conviction in *Brown* and the RICO conspiracy conviction in *Jones* – an agreement, knowledge, and voluntary participation. *Compare Brown*, 942 F.3d at 1075 and *Jones*, 935 F.3d at 271 *with* Crim.DE 580 at 4-5 (written jury instructions); Crim.DE 636 at 156-57 (instructions as read to the jury). And, just as it was true of Hobbs Act conspiracy in *Brown* and RICO conspiracy in *Jones*, none of these elements require "the use, attempted use, or threatened use of physical force against the person or property of another" as is necessary to satisfy the definition for a "crime of violence" in § 924(c)(3)(A). *See Brown*, 942 F.3d at 1075; *Jones*, 935 F.3d at 271. Therefore, conspiracy to commit torture is not a "crime of violence" under § 924(c)(3)'s elements clause.

And, given the Supreme Court's invalidation of the residual clause in § 924(c)(3)(B) in *Davis*, conspiracy to commit torture cannot support a conviction under either § 924(c) or § 924(o).

B. **Because conspiracy to commit torture is not a "crime of violence" under § 924(c)(3)'s elements clause, and Mr. Belfast's jury returned a general verdict, § 2255 relief is required.**

Mr. Belfast's jury was instructed that it could convict him of the § 924(o) offense in Count 2 if it found "a" crime of violence, where they only crimes of violence

15

mentioned were conspiracy to torture and substantive torture.   Crim.DE 580 at 4, 7

(emphasis added); Crim.DE 636 at 155, 160-61.   It was further instructed that it

could convict him of the § 924(c) offense in Count 8 based on the conspiracy to torture

in violation in Count 1 "and/or" the substantive torture in violation in Count 6.

Crim.DE 580 at 8; Crim.DE 636 at 162-63.   Because conspiracy to commit torture is

not a qualifying "crime of violence" under § 924(c)(3), and the jury returned a general

verdict, Mr. Belfast's § 924(o) and (c) convictions may have rested on the invalid

predicate of conspiracy to commit torture.   This error is not harmless.   Section 2255

relief is therefore required.

> **1.   Mr. Belfast's § 924(o) and (c) convictions are invalid because they "may have rested" on the constitutionally invalid predicate of conspiracy to commit torture.**

Almost a hundred years ago, the Supreme Court held that a general verdict

which "may have rested" on a constitutionally invalid ground must be set aside.

*Stromberg v. California*, 283 U.S. 359, 367-68 (1931).   *Stromberg* stands for "the

principle that, where a provision of the Constitution forbids conviction on a particular

ground, the constitutional guarantee is violated by a general verdict that may have

rested on that ground."   *Griffin v. United States*, 502 U.S. 46, 53 (1991).   Under

*Stromberg*, "a conviction cannot be upheld if (1) the jury was instructed that a guilty

verdict could be returned with respect to any one of several listed grounds, (2) it is

impossible to determine from the record on which ground the jury based the

conviction, and (3) *one of the listed grounds was constitutionally invalid*."   *Adams v.*

16

*Wainwright*, 764 F.2d 1356, 1362 (11th Cir. 1985)) (emphasis added here). *Stromberg* applies on collateral review, *id.*, and therefore controls here.

To assess *Stromberg* error on collateral review, "[t]he proper approach is to examine only the trial court's instructions and the jury's verdict, not the sufficiency of the evidence to support the verdict." *Id.* "[I]f it is 'impossible' to say on which ground the verdict rests, the conviction must be reversed," and collateral relief is required. *Id.* Here, the instructions at trial clearly permitted the jury to convict Mr. Belfast of violating § 924(o) and § 924(c) predicated on either conspiracy to commit torture or substantive torture. The instructions on Count 2 instructed the jury that they could convict Mr. Belfast of that offense based upon "a" crime of violence, and advised the jury that both conspiracy to torture and substantive torture were the relevant crimes of violence. *See* Crim.DE 580 at 4, 7 (emphasis added); Crim.DE 636 at 155, 160-61. As for Count 8, the jury was instructed that they could convict Mr. Belfast of that offense based upon the conspiracy to torture in Count 1 "and/or" the substantive torture in Count 6. *See* Crim.DE 580 at 8 (emphasis added); Crim.DE 636 at 162-63. The jury returned a general verdict. Crim.DE 581. It is therefore "impossible to say" on which predicate the jury based its verdict.

And, as demonstrated above, a § 924(o) or (c) conviction predicated on conspiracy to commit torture is constitutionally invalid because it relies on the residual clause. Consequently, because Mr. Belfast's convictions on Counts 2 and 8 "may have rested" on the invalid conspiracy to commit torture predicate, the Court must set that conviction and sentence aside under *Stromberg*. *See Wilson v. United*

17

*States*, 2018 WL 5928150, at *2 (C.D. Cal. June 4, 2018) (No. CR 98-00975) (granting § 2255 relief and vacating § 924(c) conviction pursuant to *Stromberg* where general jury verdict which "may have rested" on unconstitutional predicate of Hobbs Act conspiracy); *United States v. Berry*, 2020 WL 591569, at *3 (W.D. Va. Feb. 6, 2020) (No. 3:09-CR-00019) (vacating § 924(c) conviction *after agreeing with government* that, due to general jury verdict, § 2255 relief was required where it could not be established whether § 924(c) conviction rested on invalid predicate of Hobbs Act conspiracy, or still-valid predicate of attempted Hobbs Act robbery).

      2.      **The invalidity of Mr. Belfast's § 924(o) and (c) conviction.
            is supported by *In re Gomez, Alleyne v. United States,
            Shepard v. United States*, and *Moncrieffe v. Holder*.**

Upholding Mr. Belfast's § 924(c) conviction, despite clear *Stromberg* error, would also require this Court to unfairly rely on a duplicitous indictment and to conduct improper judicial factfinding. In doing so, the Court would undermine—or violate—binding circuit and Supreme Court precedent.

The Eleventh Circuit addressed a remarkably similar scenario in *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016). Like the indictment here, the indictment charging *Gomez* was "duplicitous" because it "list[ed] multiple potential predicate offenses in a single § 924(c) count." *Id.* at 1227. Courts have repeatedly recognized the dangers posed by duplicitous indictments, including: "(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have

18

difficulty determining the admissibility of evidence." *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997) (citation omitted).

The jury in *Gomez*, like the jury here, returned a "general verdict" without specifying which predicate offense formed the basis of the § 924(c) convictions. *Gomez*, 830 F.3d at 1227. Thus, as the Court explained in *Gomez*, "we can't know what, if anything, the jury found with regard to Gomez's connection to a gun and these [predicate] crimes." *Id.* After all, "a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of predicate offenses, or guilty of conspiring during some and not others." *Id.*

The *Gomez* Court continued that "[t]his lack of specificity has added significance [under *Alleyne v. United States*, 570 U.S. 99 (2013)] because § 924(c) increases the mandatory minimum based on a finding that the defendant used or carried a firearm." *Id.* "*Alleyne* held that because these findings 'increase the mandatory minimum sentence,' they are 'elements and must be submitted to the jury and found beyond a reasonable doubt.'" *Id.* (quoting *Alleyne*, 570 U.S. at 108). And "[a]n indictment that lists multiple predicates in a single § 924(c) count allows for a defendant's mandatory minimum to be increased without the unanimity *Alleyne* required." *Id.* Thus, while courts can review the record and "guess which predicate the jury relied on," "*Alleyne* expressly prohibits this type of 'judicial factfinding' when it comes to increasing a defendant's mandatory minimum sentence." *Id.* at 1228. Based on the reasoning in *Gomez*, if this Court were to label substantive torture,

19

rather than the conspiracy to commit torture, as the predicate for Mr. Belfast's § 924(o) and § 924(c) convictions —despite the general jury verdict—that reliance would constitute "judicial factfinding," in violation of *Alleyne* and, by extension, the Sixth Amendment. *Cf. Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993) ("to hypothesize a guilty verdict that was never in fact rendered—no matter how inescapable the findings to support that verdict might be—would violate the [Sixth Amendment] jury-trial guarantee.").

It would also unfairly permit the government to benefit from the duplicitous indictment that it drafted. *Cf. United States v. Sturdivant*, 244 F.3d 71, 77 (2d Cir. 2001) (Sotomayor, J.) ("Principles of equity prohibit the government from benefitting from the prejudicial ambiguity that the government alone was responsible for creating [in a duplicitous indictment]."). In order to avoid this prejudice, in *Sturdivant*, the Second Circuit remanded a duplicitous drug conviction for resentencing, advising that "the district court must give the defendant the benefit of the verdict's ambiguity and sentence him assuming that he was convicted of the transaction involving the lower drug quantity . . . and acquitted him of the transaction involving the higher drug quantity." *Id.* at 80.

This least-culpable-offense approach is further bolstered by *Shepard v. United States*, 544 U.S. 13 (2005), and, generally, the categorical approach. Where a statute of conviction is divisible into alternative elements constituting distinct offenses, *Shepard* authorizes courts to consider a limited set of documents that will "necessarily" and "conclusive[ly]" identify the defendant's offense of conviction. *Id.*

20

at 16, 21, 24–26. Given that "demand for certainty," *id.* at 21, when *Shepard* documents do not establish the crime for which the defendant was "necessarily" convicted, the court must assume that he was convicted of the least serious one. *See Moncrieffe v. Holder*, 569 U.S. at 191 (noting that when applying modified categorical approach, if it is unclear which of several alternative versions of an offense defendant was convicted of, the Court "must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized") (citing *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

Mr. Belfast's § 924(o) and (c) convictions are divisible into multiple offenses. For each of these offenses, the second superseding indictment conjunctively charged Mr. Belfast with two distinct offenses in a single count—one based on conspiracy to commit torture and one based on substantive torture. Crim.DE 257. The indictment, the jury instructions, and the verdict are all silent as to which § 924(o) and which § 924(c) offense Mr. Belfast stands convicted in Counts 2 and 8. Because no *Shepard* documents necessarily and conclusively establish the § 924(o) or (c) offense for which Mr. Belfast was convicted, pursuant to the categorical approach, the Court must assume his conviction rests on the least serious predicate offense. *See United States v. McCall*, 2019 WL 4675762, at *7 (E.D. Va. Sept. 25, 2019) (applying categorical approach to vacate § 924(c) conviction that "could have been based" on an invalid conspiracy predicate).

Assuming that that both Mr. Belfast's § 924(o) conviction and his §924(c) conviction were or may have been predicated on conspiracy to commit torture is the

21

only approach that is consistent with *Stromberg, Alleyne, Shepard, Moncrieffe,* and *In re Gomez.*   It is also fully supported by the indictment, jury instructions, and the verdict.

> **3.**   **If harmless error applies here, the error is not harmless.**

The Supreme Court has held that *Stromberg* error is subject to the harmless error standard in *Brecht v. Abrahamson,* 507 U.S. 619 (1993).   *See Hedgpeth v. Pulido,* 555 U.S. 57, 61-62 (2008) (*per curiam*).   Assuming, *arguendo,* that the *Brecht* harmless error standard applies here, the error had a "substantial and injurious effect or influence" on the jury's verdict and therefore cannot be harmless under *Brecht. Id.* at 623.

*O'Neal v. McAninch,* 513 U.S. 432 (1995), clarified that harmful error is shown under *Brecht* when a reviewing judge "is in grave doubt about whether" the error is harmless.   *Id.* at 435.   Specifically, when "the matter is so evenly balanced that [a judge] feels himself in virtual equipoise as to the harmlessness of the error," the error cannot be harmless.   *Id.*   In this way, *Brecht* places "the risk of doubt on the State." *Id.* at 438–39.

Here, even if the categorical approach does not apply, no one can know which predicate the jury relied on when it found Mr. Belfast guilty of the § 924(o) and (c) offenses.   The verdict does not so specify, and the instructions allowed the jury to convict based on either conspiracy to commit torture, or substantive torture, or both. Where there are two independent bases for a jury's verdict, "[a]n error with regard to one independent basis for the jury's verdict cannot be rendered harmless solely

22

because of the availability of the other independent basis.   If the law were otherwise, the rule of *Stromberg* would be eviscerated." *Parker v. Sec'y for Dep't of Corr.*, 331 F.3d 764, 779 (11th Cir. 2003).   This resulting "equipoise" as to the harmlessness of the error requires the finding of a "substantial and injurious effect" under *Brecht*. *See O'Neal*, 513 U.S. at 436.   Therefore, if harmless error analysis applies here, the error is not harmless.

      **4.**      **Because the error is not harmless, Mr. Belfast satisfies *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017).**

Finally, by showing the error here is not harmless under *Brecht*, Mr. Belfast also satisfies *Beeman v. United* States, 871 F.3d 1215 (11th Cir 2017).   *Beeman* simply restates the general rule that a § 2255 movant has the burden of demonstrating entitlement to relief.   *Id.* at 1222.   As was true in *O'Neal*, because Mr. Belfast has shown that the harmfulness of the error is in equipoise, he has also demonstrated an entitlement to relief.   *See O'Neal*, 513 U.S. at 445 ("[W]hen a habeas court is in grave doubt as to the harmlessness of an error that affects substantial rights, it should grant relief.").   He has therefore satisfied *Beeman*.   The Court should grant his § 2255 motion.

# CONCLUSION

For the reasons stated above and in Mr. Belfast's *pro se* filings in the instant matter, this Court should grant Mr. Belfast's 28 U.S.C. § 2255 motion, vacate his convictions on Counts 2 and 8, and set his case for resentencing.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:    *s/Janice L. Bergmann*
      Janice L. Bergmann
      Assistant Federal Public Defender
      Court Assigned No. A5500685
      One E. Broward Boulevard, Suite 1100
      Fort Lauderdale, Florida   33301
      (954) 356-7436
      Janice_Bergmann@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_s/ Janice L. Bergmann_
Janice L. Bergmann

# EXHIBIT "D"

## 5/4/2020 Letter to Counsel Bergmann

Note: Movant attempts to rehabilitate attorney, client relationship.

Page 1 : " Enclosed is an amended § 2255 based upon any potential withdrawal, or litigation of the issue under supplemental, concerning the actual innocence and loss of jurisdiction argument. The only alternative from your potential withdrawal, and Movant going Pro se, would be some legal means for me to submit ground three before the court while you remain as counsel."

Note: Counsel never responds to this letter.

From: Roy Belfast
Inmate: 76556-004
Address: USP Lee
P.O. Box 305
Jonesville, Va 24263
Date: 5/4/2020                    7019 2280 0000 6059 3189
Sent via Certified Slip No 7019 2280 0000 6059 3189
To: Attorney Janice Bergmann
Address: One East Broward Boulevard
Suite 1100
Sent via Return Reciept No: 9590 9402 1759 6074 8889 44

Attorney Bergmann

Enclosed is an amended § 2255 based upon any potential withdrawal, or litigation of the issue under supplemental, concerning the actual innocence and loss of jurisdiction argument. The only alternative from your potential withdrawal, and Movant going Pro se, would be some legal means for me to submit ground three before the court while you remain as counsel. I want to assume you have already addressed the major parts of the court order, this approach would absolve you from filing the issue and allow you to remain on board as counsel.

If this is indeed a viable alternative, I submit to you ground three, pages 17 to 33, (See attached Amended § 2255 motion), that I hope to file, or you can file on my behalf coming from Movant upon any resentencing being scheduled for the removal of counts 2 and 8, as the re assertion of counts 1, 3, 4, 5, 6, 7 would be unconstitutional based upon facts set forth in ground three pages 17 to 33. This could be raised prior to any resentencing, whatever is the most feasible.

I Look forward to your prompt response. I am simply trying to avoid unnecessary litigation in the future. I have recieved no responses absent your April 23rd, 2020 letter.

Be Well and Safe

/S/ Roy Belfast

CC: Michael Caruso          7019 2280 0000 6059 3219    Chief Public Defender.
Sent Via Cert. No. 7019 2280 0000 6059 3219
CC: Bernado Lopez   Supervising Attorney
Sent Via Cert No.  -       7019 2280 0000 6059 4049

EXHIBIT "D"

Amended § 2255 motion
attached to 5/4/2020

Note: Movant moves counsel to raise judicial notice on Page 18 stating:

"I hereby move to have the court take judicial notice under Fed. C. R. Pro 201 of on-going, active § 2241 proceedings in U.S. District Court, Western District of Virginia, Belfast v. Breckon, civil case # 7:18-cv-02453-JLK-RSB."

Note: Counsel Bergmann never responded, never corrected fraud in brief submitted, before government responded in brief.

verdict which is not supported by evidence of guilt regarding 18 U.S.C. § 2340 A (c).

I hereby move to have the court take judicial notice under Fed. C. R. Pro. 201 of on-going, active § 2241 proceedings in U.S. District Court, Western District of Virginia, Belfast v. Breckon, civil case # 7:18-cv-00453-JLK-RSB.

Prior to submission of § 2241, Movant satisfied 2255 (e) gate keeping require-ments based upon the following exhaustion:
[A.] 2255 (f)   initial § 2255
[B.] Second in Time § 2255 concerning FOIA, denied, ~~May 9th, 2018~~, 1:18-cv-21143-CMA
[C.] In re: Belfast 11th Cir. Court of Appeals, U.S. App. Lexis 15636, case no. 18-12053-F, based upon "FOIA" being newly discovered evidence. Eleventh Circuit denied Application stating, FOIA is not "newly discovered evidence. Decided on ~~June 8th, 2018~~

(18)

the 2255(h)(1) motion was denied. I then filed
all three administrative remedies (See. O.E.#1; 7:18-cv-00453)
On ~~September 14th, 2018~~ Movant submits
§2241 petition. On September 27th, 2018
a show cause order was issued. The
§2241 petition was based upon FOIA
under "new evidence" previously unavailable
as the 11th Cir. ruled "FOIA" not to be
"newly discovered" evidence.

Movant raised three issues concerning
"FOIA."
A.) "A 18 u.s.c. §4001(a) claim in relation
to count 1 . . . ."
B.) "FOIA-2016-02166 (See Ex. "D") Office of
Information Policy Appeal Response DOJ-AP-
2017-005286 (See Ex. "E") Demonstrate
A Grave Error In Critical Non-Discretionary
Function Carried Out By The BOP In
Relation To Determination of Release
(18 u.s.c. §3624(a)), Good Time For Prior
Custody Before Sentencing (18 u.s.c. §3585),
And Credit Toward Good Behavior 18 u.s.c.
§3624(b) . . . ."

(19)

c. Department of Justice Findings (See Ex."D" and "E") Show F.B.O.P. Used Erroneous Standards To Satisfy 18 u.s.c. § 3621 (b)(1)(2)(3), 18 u.s.c. § 4042 et seq., F.B.O.P Program Statement 5880.23. Substantially Affecting Petitioners Rights Going Forward In Violation of 5th, 14th Amendment."

Movant explains why § 2255 is inadequate and ineffective on pages 11, 12, 13, 14, of 34 in Docket Entry 1. On ~~██████████~~ ~~██████~~ th, 2019 District Court dismissed stating: "Belfast fails to show that § 2255 is inadequate or ineffective to test legality of his conviction." (see D.E. 44) On ~~█████████████████████~~, Movant seeks a Rule 59 (e) Motion, demonstrating prior litigation to meet § 2255 (e) gate keeping requirements. Movant still is pending a ruling on several motions. In other words the § 2241 proceeding is still active, requiring this court take "Judicial Notice". Movant requests the court take Judicial Notice of Docket Entry #7

(20)

as new evidence previously unavailable in support of demonstrating the count 1 predicate conviction is invalid and can not be attached to 924 (c) or (o). This new evidence previously unavailable demonstrates and proves " Actual Innocence " and " The District Court having lost jurisdiction to assert count one as a conviction at sentencing".

The "new evidence", FOIA letter, 186 page release, as well as the Office of Information Policy response, stand as DOJ declarations and policy shift. A reversal of Movant's guilt concerning 18 U.S.C. § 2340 A (c). This reversal in policy in relation to count one overrides any prior established position by the United States Attorneys office, as that office was the one that conducted the 1 yr search, which yielded no results. The U.S.A S.D. FL reported it's findings to the E.O.U.S.A in Washington D.C...

(21)

Declarations made by AUSA Sara Bugbee Winn in § 2241 proceeding cited as additional new evidence in D.E. 7, merely acknowledges DOJ policy regarding count one. For a prosecutor to litigate against the findings would be fraud on the court and insubordination.

Also it would be a conflict of interest for AUSA Karen Rochlin to respond to present motion before the court. As her declarations form part of the reason DOJ shifted it's policy position concerning Movant, and the devoidness of the record regarding a violation of 18 U.S.C. § 2340 A(c). AUSA Rochlin may be subpoena'd under a potential evidentiary hearing.

The new evidence demonstrates:
[A] The court lost jurisdiction prior to sentencing regarding count one at minimum.

B.) There trial record and DOJ records are devoid of any evidence that Movant violated 18 u.s.c. § 2340 A(c). In other words no proof of knowledge, or agreement on trial or DOJ record of a Conspiracy To Commit Torture.

C.) No evidence was entered under 801 (D)(2)(E) co-conspirator testimony.

D.) No alleged co-conspirator meet 2340 A(b)(1)(2) requirements. In other words no co-conspirator was or is a United States Citizen, nor was found in the United States.

E.) No alleged victim was a citizen or U.S. resident during indictments allegations.

F.) Movant is Actual Innocent" of count one, as there is no evidence to support elements of an offense under 18 u.s.c. § 2340 A(c).

G.) Congressional Intent was violated concerning § 3624, 3585, 3621, 4042, 3553, 3559, under enforcement of judgment, as all statutes are only to be applied to "Persons", "Duly" convicted, having violated an "Offense Against the United States". New evidence shows count one is invalid.

H.) Counts 3, 4, 5, 6, 7 are void based upon Jury instructions (See Jury Instruction 1:06-cr-20758, CMA, document 580, page 5 of 11).

I.) The record may have to be developed concerning new evidence, under D.E. # 7 absent AUSA Rozhlin's Concession to the new DOJ policy shift.

The DOJ policy shift concerning count one is equivalent to trial attorney's AUSA Karen Rochlin, AUSA Christopher Graveline, AUSA Caroline Heck-Miller stating at trial: "they failed to meet there burden to prove beyond

(24)

a reasonable doubt, Movant violated 18 U.S.C. § 2340 A(c), before a jury prior to deliberation, and or a withdrawal of count 1 before trial judge, removing count one from jury's consideration. Had either one of these things have been done the outcome would have been different.

The DOJ Policy shif comes 14 yrs plus to late.

The Court Should Apply The Constitutional Avoidance Doctrine Concerning Ground Three In Relation To Enforcing The Court's Order. To Avoid Suspending The Writ of Habeas Corpus.

Constitutional Avoidance, "a tool for choosing between competing plausible interpretations of statutory text, resting on the reasonable presumption that Congress did not intend the alternative which raises serious constitutional doubts." Clark v. Martinez, 543 U.S. 371, 381, 125

(25)

S. Ct. 716, 160 L.Ed. 2d 734 (2005). In this case it is the ADEPA statute, § 2255 (a), 18 U.S.C. § 4001(a). It is the job of of the District Court to entertain the merits of Application / memorandum that recieves grant, which facilitates the filing of a § 2255 motion. (See 28.U.S.C. § 2244 (b)(3)(c); In re: Joshua, 224 F.3d 1281, 1282, n.2, (11th Cir. 2000)

The 11th Cir order does not bar the District Court from evaluating the merits of a claim that demonstrates statutory and constitutional violations, especially ones in relation to the now 924 (c)(3)(B) residual which is unconstitutional.

Movant never applied for leave under 2255 (h)(1), application nor memorandum contains such language. (See D.E. # 1). Movant merely sought that 11th Cir. take "notice" of "new evidence" under FOIA in § 2241 proceeding, concerning count one.

( 26 )

Ground Three fully adheres to the 11th Cir. order, District Courts order, and Congressional Intent under § 2255 et seq., ADEPA and "Actual Innocence" Supreme Court Holdings (§ 2255 et seq.). The court order states: "shall file a memorandum of addressing whether motion should grant, and specifically . . . . "

Ground three explains why motion should grant concerning predicate counts (1, 3, 4, 5, 6, 7), that 924(c)(3)(B) relied upon to stand as a conviction 924(c) and (o).

To bar the introduction of FOIA as new evidence, previously unavailable in prior § 2255, after In re: Belfast, Eleventh Circuit Court of Appeals, U.S. App. Lexis 15636, No. 18-12053-F, decided June 8th, 2018, when it supports a "Actual Innocence" ground (that in no way abuses the Writ), as well as demonstrating the "court lost jurisdiction under 18 U.S.C. § 3231, prior

(27)

to sentencing of count 1, would be a Mis-
carriage of Justice. This bar would also
violate at minimum:
1. Constitutional Avoidance
2. Seperation of Powers
3. (Suspend) The Writ of Habeas Corpus

The Eleventh Circuit order does not expressly
state:
A. FOIA can not be entered in any §
2255 proceeding concerning the Davis
claim, which was previously unavailable,
and demonstrates constitutional and
statutory violations, in relation to 924
(c)(3)(B).

B. FOIA "new evidence", previously unavail-
able, can not be used to demonstrate
predicate counts that the 924(c)(3)(B) uses,
violates 18 u.s.c. § 4001(a), and "Due Process".

C. FOIA "new evidence" can not be used
to demonstrate "Actual Innocence" and
"loss of jurisdiction by the District
(28)

prior to sentencing", of predicate of count 1, which is attached to the now unconstitutional 924 (c)(3)(B).

D.   FOIA "new evidence" previously unavailable in prior petition, can not be used to demonstrate the totally void nature of the present criminal judgment.

I refuse to extrapolate the interpretation from the 11th circuits order, it signals a suspension of the writ of habeas corpus, concerning the bar of "new evidence", previously unavailable in prior petition (§2255), that demonstrates constitutional and statutory violations.

Movant has abided by 11th Cir order. No claim in Supplemental has been submitted before the court. Neither can the government argue such. For the government the 14 yr charade is up. The FOIA reveals this prosecution should

(29)

have never happened.

" While the petition could be liberally read to assert that information recently obtained through FOIA request allegedly shows evidence that petitioner was wrongfully convicted... ( See D.E. # 7; Case 7:18-cv-00453-JLK-JCH, D.E 14, page 6 of 8)

Any Potential Removal of Counts 2 And 8 With Re Assertion of Counts 1,3,4,5,6,7 Would Violate Due Process.

In the event counts 2 and 8 are removed, and a "new" criminal judgment is issued attaching counts 1,3,4,5,6, 7 as valid convictions Would Violate Congressional Intent under §§ 3624 et seq, 3585 et seq, 4001(a), 3621 et seq, 4042 et seq., 3559 et seq, 3553 et seq, as "new evidence" in D.E. # 7 previously unavailable in prior § 2255 proceeding

(30)

demonstrates Movant is not "duly" convicted of count 1 at minimum.

At minimum a evidentiary and or a full re-sentencing absent a concession by AUSA representing U.S.A S.D. FL. is needed.

## Conclusion

Movant moves to enter D.E #7 under Rule 7 (expansion of record) and development of the record concerning "new evidence"

## Relief Sought

1. Vacate present judgment ; or

2. Removal counts 2,8 (924 (c) and (o)), 1, 3, 4, 5, 7 at minimum

Done Under The Penalty of Perjury § 28 U.S.C. 1746

/s/ Roy Belfast

(31)

Certificate of Service

I have sent a correct copy to
AUSA Karen Rochlin, at 99 N.E., 4th
street, Miami, FL 33132  on _____

/s/ Roy Belfast

Exhibit "E"

Courtesy Copy Letter Dated 5/11/2020
to the District Court, clerk of courts in the Western
District of Virginia, sent to Counsel Bergmann

Page **1** states: "Movant formerly requests this court
formerly notify the U.S. District Court for the
Southern District of Florida, the still active nature of
§ 2241 proceeding Belfast v. Breckon, civil case: 7:18-cv-
00453-JLK-RSB, as Movant awaits senior Judge Kiser rulings
on Docket Entry Numbers 48,49,50,51, etc."

" There seems to be some discrepancy as to whether the
§2241 proceeding is still active or 'not.'"

Note: Movant continues to try to get counsel Bergmann
to correct fraud.

From: Roy Belfast
Inmate: 76556-004
Address: United States Penitentiary Lee
P.O. Box 305
Jonesville, Va 24263
Sent Via Certified Slip No. 7019 2280 0000 6059 3226
5/11/2020


Clerk of Courts

Movant formerly requests this court formerly notify
the U.S. District Court for the Southern District of
Florida, the still active nature of § 2241 proceeding
Belfast v. Breckon, civil case: 7:18-cv-00453-JLK-RSB, as
Movant awaits Senior Judge Kiser rulings on Docket
Entry Numbers 48, 49, 50, 51 etc.

There seems to be some discrepancy as to whether
the § 2241 proceeding is still active or not. Please
provide some certification concerning civil case 7:18-cv-
00453. Movant has informed the United States Attorneys
Office for the Southern District of Florida. (See Ex. "A")
Please inform Movant upon notice of the active civil (nature)
case 7:18-cv-00453-JLK-RSB to the clerk of court of
the Southern District of Fl, regarding civil matter 20-
20385-cv-Altonaga (06-20758-cr-Altonaga) and certify
matter if necessary. Please provide cost associated
with recieving certification from the clerk of court
stating § 2241 civil case: 7:18-cv-00453-JLK-RSB is
still active.

(1)

Thank you for your time.

/s/ Roy Belfast

cc: Janice Bergmann Attorney for the Public Defenders Office representing Movant, under, Roy Belfast Jr. v. United States of America, Case No. 20-20385-cv-Altonaga. Sent via Certified Slip No. 7018 1830 0000 5662 4812

(2)

5/12/2020 Letter sent to Attorney Bergmann

Note: Movant attempts to have counsel correct the fraud

Page 1 states: " Invoke the "judicial notice" requirement ...
in this present proceeding based upon the Gov'ts activity
in the §2241 proceeding."

From: Roy Belfast Jr.
Inmate: 76556-004
Address: U.S.P. Lee
P.O. Box 305
Jonesville, Va 24263
Sent Via Certified Slip No. 7018 1830 0000 5662
4029    7018 1830 0000 5662 4029
To: Attorney Bergmann
Address: One East Broward Blvd. Suite 1100
5/12/2020
Return Reciept # 9590 9402 3552 7305 0072
98

Attorney Bergmann

   I pray that this letter meets you
safe and in good health.

   I do believe it important the active
status of the § 2241 proceeding be brought
to the courts attention for the following
reasons:
1.) Invoke the "judicial notice" requirement
by the United States District Court for the

Southern District of Fl in this present proceeding based upon the Gov'ts activity in the § 2241 proceeding regarding "FOIA", and violation of 18 U.S.C. § 4001 (a) in relation to count 1, Conspiracy to Commit Torture.

2.) Plaintiff is soon to file a Mandamus regarding the pending § 2241 matter.

Movant will be filing shortly, a Emergency Mandamus to the Fourth Circuit Court of Appeals, concerning the § 2241 proceeding.

I urge you Ma'am to clarify the record.

/s/ Roy Belfast

cc: Michael Caruso   Chief Public Defender
Sent Via Cert. #          7015 0640 0006 9205 0690
cc: Bernado Lopez   Supervising Attorney
Sent Via Cert #   7010 3090 0003 3418 9075

5/19/2020 Letter to Janice Bergmann

Page 1: "there is a problem with the brief, and it is in regards to the previous citation of the litigation record.... The correction to the record needs to be made now before a ruling is made in this case.

Note: Movant attempted to correct fraud before A judicial ruling. Counsel Bergmann never corrected fraud and sought to withdraw as counsel.

Page 2: "Failure to notify the court of this error and not have them take judicial notice of the the civil case proceeding, 7:18-cv-00453-JCK-RSB, will lead to a miscarriage of justice."

Page 2: "Bergmann you need to educate me, as to what the courts observing the pro-se filings mean. This will help me strategically calculate my next step. The idea is not to prolong, and or duplicate litigation.

Note: Counsel Bergmann never responds to this letter!

Page 3: "Are you going to correct the inaccuracy in the brief concerning the active nature of the § 2241 proceeding."

Page 4: "How did you come to the conclusion that § 2241 litigation was final?"

From: Roy Belfast Jr
Inmate: 76556-004
Address: U.S.P. Lee
P.O. Box 305
Jonesville, Va 24263
Date: 5/19/2020
Sent via Certified Slip No.         7019 2280 0000 6059 7125
To: Attorney Janice Bergmann
Address: One East Broward Boulevard, Suite 1100, Ft Lauderdale,
Fl 33301
RE: Response to Letter dated May 12th, 2020, Recieved on
May 19th, 2020


    Attorney Bergmann

        Your letter was recieved on 5/19/2020. The letter dated
May 12th, 2020 is out of sync with my correspondence. Please
remember our mail sent to each other has a gap of
minimum 5 days. My 5/4/2020 letter and package was
dispatched prior to me recieving your brief to the court.
You did recieve letter dated 4/27/2020 sent via certified
mail no. 7019 2280 0000 6059 4001          prior to submission of
the brief, this letter comes rather late. I had not calculated
that you would ask the courts to observe my pro-se
filings and still file a brief. I simply had not gamed
that scenario out.


        Now there is a problem with the brief, and it is in
regards to the previous citation of the litigation record.
Prior to the reciept of this letter, several letters have
been sent regarding this, again my mail to you was in
route to you prior to recieving this 5/12/2020 letter.
Counselor Bergmann the § 2241, civil case no 7:18-cv-00453-
JLK-RSB is still active. The correction to the record needs
to be made now before a ruling is made in this case.

How is the representation appropriate, when at minimum, citation of the litigation record is not properly presented before the court. Failure for the court to recognize the other federal proceedings, under judicial notice, negates my pro-se filings, come on counselor are you serious!

Failure to notify the court of this error and not have them take judicial notice of the civil case proceeding, 7:18-cv-00453-JLK-RSB, will lead to a miscarriage of justice.
By now you would have recieved the efforts by Movant to correct the record, before any fatal error is made by the court. Attorney Bergmann, I have observed you asked the courts to observe my pro-se filings, I am unaware of what this means, concerning what the courts are now to observe on the docket, when it has stricken the record, at least much of it

The amended § 2255 sent was done in light of me not knowing what you were going to do, and was merely providing an option, completely unaware you would ask the courts to observe the pro-se litigation. That said the brief filed, partly addresses the totality of the issue. The dynamics change with the judicial notice, concerning active § 2241 proceeding concerning FOIA in that proceeding, prosecutors declaration in that proceeding, and FOIA entered as "new evidence" previously unavailable, warrants review of predicate counts, as well as possible supplement depending on what filing the court is observing pro-se.

Now Attorney Bergmann you need to educate me, as to what the courts observing my pro-se filings mean. This will help me strategically calculate my next step. The idea is not to prolong, and or duplicate litigation, but the complete opposite which is to have all the facts necessary before the courts for it to make a decision.

You nor I can have the courts rule lawfully based upon facts before it once fully provided. What we can determine is the accuracy of the record and the full depth of the merits be properly preserved on the record. This letter has some specific questions to be answered to allow me to make a informed decision, until these questions can be answered at the end of this letter to understand the full dynamics, I am unable to provide you a response, based upon not understanding what having the courts observe my pro-se filings mean.

Again if you see the date of delivery of my 5/4/2020 letter and when it was delivered to you, and sent from my institution, you will see the package was in route, prior to me recieving your brief, the date signed for the brief is logged by the institution. Also keep in mind the 5/4/2020 letter states: " I recieved no response absent your April 23rd, 2020 letter ", further proof I dispatched 5/4/2020, before recieving your brief. This is why I send everything via certified mail.

Questions

A.) What does it mean when the court is asked to observe pro-se filings in this instance. Can I file motions directly to the court, or do they have to be filed through you?

B.) What docket entries are the courts going to observe, and consider as part of the litigation.

C.) Are you going to correct the inaccuracy in the brief concerning the active nature of the §2241 proceeding, and the fact, the brief stated it final.

D.) Are you inferring that "Actual Innocence" and "Loss of Jurisdiction cannot be raised, or has no merit in this case?

D2.) Can Actual innocence, loss of jurisdiction be raised at sentencing.

4

E.) What does it mean when the court stated: " the respondent shall file a memorandum of fact and law to show cause why this motion should not be granted and whether an evidentiary hearing is warranted given Movant's assertion that counsel failed to consult with him prior to waiving his appellate rights.

F.) Is this order improper based upon current nature of litigation, and if so how is it corrected.

G.) How did you come to the conclusion that § 2241 litigation was final? What determination did you use.

Thank you for your time in this matter.

Stay Safe Counselor

cc: Bernado Lopez  Chief of Appeals
cert no. 7019 2280 0000 6059 7224          7019 2280 0000 6059 7224

cc: Chief Federal Public Defender Michael Caruso
cert no.          7019 2280 0000 6059 7118

United States Court of Appeals
For The Fourth Circuit Grant of
Informa Pauperis concerning Mandamus
regarding    7:18-cv-00453-JLK-RSB

From: Roy Belfast Jr.
Inmate: 76556-004
Address: United States Penitentiary Lee
P.O. Box 305
Jonesville, Va 24263
Date: 5/17/2020
To: Clerk of Courts Patricia S. Connor
Address: Lewis F. Powell. Jr. United States Courthouse Annex 1100
East Main Street, Suite 501, Richmond, Virginia 23219
Sent Via Certified Slip No. 7019 2280 0000 6059 7149  and
7019 2280 0000 6059 7132
Return Reciept  9590 9402 1759 6074 8889 51  and
9590 9402 1759 6074 8889 75

Ma'am
            I would like to formally request this enclosed Writ
of Mandamus be emergency docketed, before the Honorable
Fourth Circuit Court of Appeals for a expedited ruling.

    Civil Case : 7:18-cv-00453-JLK-RSB, which this Writ is
based upon has:

A. Suspended the Writ of Habeas Corpus.
B. Violated the Constitutional Avoidance Doctrine.
C. Violated the Seperation of Powers, or the "Fair" notice
principle.
D. Obstructed Rule 22 of Appellate Procedure
E. Violated Rule 11(a), (failing to grant or deny COA)
F. Violated Congressional Intent under statutes, 2255(e),
2241 (c)(3)
G. Denies the admissibility of "new evidence", previously
unavailable in last Habeas proceeding (initial § 2255),
based upon date of release that demonstrates the
executive branch violated Movant's statutory and
constitutional rights, as well as abused it's power granted
to it by the Constitution and Congress of the United States.

D(1)

In addition the present error by the district court that prompted the Rule 59(e), Motion to Expedite Rule 59(e), and now Writ of Mandamus, has allowed the executive branch to continue multiple violations of Congressional Intent under §§§§ 18 U.S.C. 4001(a), 3624 et seq., 3621 et seq., 4042 et seq., 3585 et seq., 3553, 3559, and continue to request for tax payer dollars under the full knowledge the Judgment and Commitment being presently enforced is un-constitutional, and invalid

Movant's request for the Emergency docket and expedited ruling is also based upon the COVID 19 pandemic; any contraction of this highly contagious virus, that rapidly detriorates the health of those infected in prison is a unwarranted death sentence, especially those wrongfully convicted. The bureau of Prisons does not possess the capacity to quickly treat those in custody insuring a infected persons demise.

After fourteen yrs of being illegally confined and countless loss of family members since being incarcerated, Movant prays for the Emergency docketing of Writ of Mandamus and expedited ruling from the Hon. Fourth Circuit Court of Appeals be granted.

God bless you all and please remain safe in these unprecedented times

/s/ Roy Belfast Jr.

5/17/2020

P(2)

FILED:  May 22, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 20-1578
(7:18-cv-00453-JLK-RSB)

———————————

In re: ROY M. BELFAST

     Petitioner

———————————

O R D E R

———————————

The court grants leave to proceed in forma pauperis.

For the Court--By Direction

/s/ Patricia S. Connor, Clerk

# EXHIBIT "H"

Letter Dated 5/24/2020

Movant on Page One states: "The government has already responded. The correction of the record is pivotal to the resentencing proceeding."

From: Roy Belfast Jr
Inmate: 76556-004
Address: U.S.P. Lee
P.O. Box 305
Jonesville, Va 24263
Date: 5/24/2020
Sent Via Certified No.          7020 0090 0001 5907 0585
To: AFPD Janice Bergmann
Address: One East Broward Blvd. Suite 1100
Ft Lauderdale, Fl 33301
RE: Government Response and Urgent Need For Correction of
Procedural History Prior To Report and Recommendation


Attorney Bergmann

      The government has already responded. The correction of the
record is pivotal to the resentencing proceeding. The active nature
of the § 2241 and the declaration by AUSA Sara Bigbee
Winn on Docket Entry No. 14, Page 6 of 8, in civil case no.
I.18-cv-00453-JLK-RSB stating:

" While the petition could be liberally read to assert that information
recently obtained through a FOIA request allegedly shows evidence
that petitioner was wrongfully convicted (Compl., ECF No. 1 at 24),
that allegation is not properly brought in a § 2241 petition. Rather
a claim of actual innocence based on allegedly new facts
must be brought in a § 2255 petition. ";

(This statement) is now relevant to the court **under** judicial notice
concerning count 1, underscoring the need for D.E. # 7 presently
on the court docket to be formally entered on the record,
under Rule 7. Counselor I'm looking ahead, it would be tragic
counselor, to have you withdraw prior to the adjudication of
this case, informing the courts of my reason for doing so is
based upon your unwillingness to correct the procedural history.

his is a non-dispositive matter that needs to be addressed prior to any issuance of a report and recommendation. Save me the trouble, I don't want to paint the Public Defenders Office in a bad light in a public proceeding. Your litigation of the issues was kick ass!, but that inaccuracy in the procedural history; failure to have the court judicially notice §2241 proves fatal to the totality of the "Davis" claim. If not corrected and the courts don't formally address count 1, it will lead to a miscarriage of justice and dereliction of duty.


Be Safe Counsel

cc: Chief Michael Caruso
Cert no. _____ 7020 0090 0001 5907 0653


cc: Chief of Appeals Bernardo Lopez
Cert no. _____ 7020 0090 0001 5907 0578

EXHIBIT "I"

Letter dated 5/29/2020

Demonstrating that § 2241 , 7:18-cv-02453-JLK-RSB
is being heard under Mandamus by Fourth Circuit Court
of Appeals

From: Roy Belfast Jr.
Inmate: 76556-004
Address: United States Penitentiary Lee
P.O. Box 305
Date: 5/29/2020
To: Attorney Bergmann
Address: One East Broward Boulevard, Suite 1100
Ft Lauderdale, Fl 33301
Sent Via Cert No. _____ 7020 0090 0001 5907 0790

Attorney Bergmann

This stands as full notification on the
active nature of 7:18-cv-00453-JLK-RSB, § 2241,
U.S. District Court, Western District of Virginia.
The United States Court of Appeals for the
Fourth Circuit, has granted informa pauperis
for a Mandamus in relation to 7:18-cv-00453-
JLK-RSB, under case no. 20-1578, In rei Roy
Belfast Jr.

I will be asking the Chief of Appeals
and Chief Michael Caruso, to pursue all
necessary disciplinary action, as well as your

(1)

replacement, based upon your violation of
28 U.S.C. § 530 B, and ABA rules.

It is a clear conflict of interest for you
to remain as counsel of record as I pursue
any and all legal recourse regarding your
fraud that jeopardized this proceeding.
You clearly acted with bad faith, as you
possessed knowledge based upon your
professional training 7:18-cv-00453-JLK-RSB
was a active proceeding. You consciously
chose to undermine the totality of this
judicial proceeding, outside of ethical
standards for attorneys. Further proof of
this is your April 23rd, 2020 letter which
shows clear intent to commit "fraud" on
the court.

I wish you the best counsel. May you
remain blessed and safe in these times.

(2)

/s/ Roy Belfast Jr.

cc: Chief Michael Caruso
Certified Mail No.     7020 0090 0001 5907 0899

cc: Chief of Appeals Bernado Lopez
Certified Mail No.     7020 0090 0001 5907 0875

cc: DOJ Attorney Alex Romano
Certified Mail No.     7020 0090 0001 5907 0882

cc: Chief Assistant Hector Dupico
Certified Mail No.     7020 0090 0001 5907 0868

cc: Other

(3)

From: Roy Belfast Jr.
Inmate: 76556-004
Address: United States Penitentiary Lee
P.O. Box 305
Jonesville, VA 24263
To: Chief Michael Caruso
Address: 150 West Flagler Street, Suite 1500
Miami, Fl 33130
Date: 5/29/2020
Sent Via Certified Slip No.

Mr. Caruso

    Enclosed you will find my latest request to the Public Defenders Office under your authority, under just cause. I simply cannot allow a process to be constructed that deprives me of equity in the Constitution. At some stage I will be going public with clear proof the U.S. Justice System has attempted to systematically deprive of my rights Since 2006

    Sir I have no intention on trying to purposely paint the Public Defenders Office in a bad light. I am requesting expeditous action on the formal request to Chief of Appeals in coordination with your office. All other attempts directed at Attorney Bergmann go far beyond the pale of what a person's is supposed to be doing regarding a client, attorney relationship.

    The systematic deprivation of      having effective counsel has gone on far to long.

No More Mr. Caruso No More!

/s/ Roy Belfast Jr.

Be Well Sir.

cc: United States Attorneys Office for the Southern District of Fl.
Benjamin Greenberg
Sent Via Certified Mail No.   7019 2280 0000 6059 7255

cc: Senator
cc: Media
cc: Other

EXHIBIT "J"

Letter Dated  5/30/2020

Letter to Bernado Lopez to remove / replace
Bergmann and pursue disciplinary action against
her for fraud

From: Roy Belfast Jr
Inmate: 76556-004
Address: United States Penitentiary Lee
P.O. Box 305
Jonesville, Va 24263
To: Chief of Appeals Bernado Lopez
Address: 1 East Broward Boulevard, Suite 1100
Ft Lauderdale, Fl 33301
Date: **5/30/2020**
Sent Via Certified Mail  7020 0090 0001 5907 0875
RE: Civil Case: 20-cv-20385

Mr Lopez

   Sir I am formally requesting that the Public
Defenders Office, move to replace counsel representing me, and
or move for the court to appoint a CJA to further litigate
this case, based upon the clear fraud committed by Attorney
Bergmann, who falls under your direct authority.

   I have gone, above and beyond the client, attorney standard
to refrain from fraud entering this proceeding, and have it
removed after she knowingly, willingly, and intentionally
proceeded to undermine the habeas corpus proceeding depriving
me of full access to all legal remedies, that only the court
can provide.

   Notification was provided via the following letters

1. Letter dated 4/27/2020  sent via certified mail no.
   7019 2280 0000 6059 4001
2. Letter dated 4/28/2020  sent via certified mail no.
   7019 2280 0000 6059 4032
3. Letter dated 5/4/2020  sent via certified mail no.
   7019 2280 0000 6059 3189

(A)

4. Letter dated 5/12/2020 Sent Via Certified mail no. 7018 1830 0000 5662 4029

I formally request a referral to the Florida Bar Association, Committee on Attorney Discipline with the district court, or any body with the court that investigates attorneys for unethical action, as well as any office within the department of justice, that investigates unethical activity by Public Defenders Office.

Attorney Bergmann violated 28 U.S.C. 530 B, and violated ABA rules. There was clear intent by counsel to under represent me in this proceeding in violation of my constitutional rights, and moral right to effective counsel. Proof of the clear bad faith, and the conscious intent to commit fraud before the court is the letter dated April 23, 2020 sent and signed by Attorney Bergmann.

This letter prompted my response dated 4/28/2020 sent via certified mail no. 7019 2280 0000 6059 4032 Your office was provided a copy sent to Attorney Bergmann via certified mail no. 7019 2280 0000 6059 3349, yet no corrective action was taken as her direct supervisor to remove the fraud from the proceeding. Your office was also aware of my request in my 4/27/2020 letter, yet took no corrective action. I now request the courts be notified of the fraud, and intention by Attorney Bergmann to undermine this proceeding, thereby creating a deprivation of my constitutional and statutory rights, and my formal request to your office, to refer this matter to any, and all disciplinary bodies, especially the body by the court that investigates unethical and unlawful actions concerning attorneys, as the courts have formally silenced me with the threat of dismissal if any motions or letters are sent to the court.

(B)

I am requesting expedited action prior to any ruling by Magistrate Reid, to allow me to work with new counsel to raise the additional issue that falls within my constitutional, statutory, and moral right. I am requesting a formal letter at minimum acknowledging reciept of this letter.

Thank you.

/s/ Roy Belfast Jr.


cc: Chief Michael Caruso
Cert no.   7020 0090 0001 5907 0899

cc: DOJ Attorney Alex Romano
cert no.   7020 0090 0001 5907 0882

cc: Senator

cc: Other

cc: Media

cc: Florida Bar Association

cc: Deputy Attorney General

cc: United States Attorney Benjamin Greenberg
cert no. 7019 2280 0000 6059 7255

(c)

EXHIBIT "K"

Letter Dated June 2, 2020

Acknowledging Reciept of 6/2/2020 2nd Response
Letters, while making specific requests to Federal
Public Defenders Office.

From: Roy Belfast Jr.
Inmate: 76556-004
Address: U.S.P. Lee
P.O. Box 305
Jonesville, Va 24263
To: Chief Michael Caruso
150 West Flagler Street, Suite 1500
Miami, Fl 33130
Sent Via Certified Slip No. ___7020 0090 0001 5907 0905___
Return Reciept No. 9590 9402 4045 8079 6743 98
Chief Bernado Lopez
One East Broward Boulevard, Suite 1100
Ft Lauderdale, Fl 33301
Sent Via Certified Slip No. ___7020 0090 0001 5907 0912___
Return Reciept No. 9590 9402 1759 6074 9070 65
Date: June 2, 2020
RE: Reciept of letters on 6/2/2020 and Response.

   FPD
         I have just recieved and signed for the letters dated
May 21st, 2020 containing Governments response, and Letter dated
May 28th, 2020, on the same day; why May 21st was recieved
late is beyond me. I officially request the following from
your office:
         A.) Your Office honor the requests made in the following
letters submitted to your office.
         1.) 5/29/2020 Letter submitted to Janice Bergmann,
sent via certified mail no. 7020 0090 0001 5907 0790
         2.) 5/30/2020 Letter submitted to Chief of Appeals
Bernado Lopez, sent via certified mail no. 7020 0090 0001 5907
0875.
         B.) Replacement counsel if there is no conflict of interest
based upon requests in above written letters execute the
following:

A(1)

A. The court be noticed based upon the governments fraud in it's brief submitted, on page 7 of 34, as §2241, civil case no. 7:18-cv-00453-JLK-RSB, in the Western District of Virginia is presently being reviewed under In re: Roy M. Belfast, No. 20-1578, and referral for disciplinary action be initiated.

B. Request court take judicial notice of §2241 proceedings and Docket Entry #7 submitted to the court, along with correction of procedural history of brief submitted to court on Movant's behalf.

C. Request the court to Amend original motion to include ground three of amended §2255 petition submitted to your office via letter and certified mail. Letter dated 5/4/2020, certified no. 7019 2280 0000 6059 3189, return reciept no. 9590 9402 1759 6074 8889 44, with any additions to the claim to provide the most effective assistance of counsel possible.

D. Respond to the litigation generated by your office concerning what was filed initially.

E. Request for a evidentiary hearing and expansion of record based on "New Evidence" and judicial notice concerning Docket Entry #7 in support of actual innocence claim.

The failure by attorney Bergmann to have honored all of my clear, concise requests has led to prejudiced and under, ineffective representation. Had counsel cited the accurate procedural history, the court been judicially noticed concerning on-going §2241, civil case: 7:18-cv-00453-JLK-RSB, and the actual innocence, loss of jurisdiction argument been presented in the brief based upon D.E.#7, movant would not be facing erroneous, fraudulent litigation from the ...

government. Attorney Bergmann's actions have prejudiced me in this proceeding creating excess litigation. This requires immediate attention of the court.

A determination on actual innocence and loss of jurisdiction concerning count 1, a predicate count that supports a now unconstitutional 924 (c)'(3)(B) is relevant to this case. A actual innocence and loss of jurisdiction argument presented to the court and government would have altered the fraudulent, erroneous response submitted to the court.

The Public Defenders Office attorney Janice Bergmann, under the supervision of superiors, who were noticed (every step) of this issue, does not get to create this mess and try to walk away from it.

Sir your office is under obligation to correct this matter, and provide effective representation of counsel under law.

cc: United States Attorney for the Southern District of Fl

cert no.       7020 0090 0001 5907 0929

cc: John-Alex Romano DOJ Attorney

cert no.       7020 0090 0001 5907 0943

cc: AUSA Karen Rochlin
cert no.       7020 0090 0001 5907 0936

cc: Attorney Janice Bergmann
cert no.       7020 0090 0001 5907 0950

/s/ Ray Belfast

(3)

# EXHIBIT "L"

Letter dated June 6th, 2020

Attaching addition facts based upon request to Bergmann's superiors to pursue disciplinary action against her.

From: Roy Belfast Jr.
Inmate: 76556-004
Address: U.S.P. Lee
P.O. Box 305
Jonesville, Va 24263
To: Chief Michael Caruso
150 West Flagler Street, Suite 1500
Miami, Fl 33130
Sent Via Certified Mail No.       7020 0090 0001 5907 2619
Chief of Appeals Bernado Lopez
One East Broward Blvd. Suite 1100
Ft Lauderdale Fl 33301
Sent Via Certified Mail No.       7020 0090 0001 5907 2602
Chief Assistant Hector Dopico
One East Broward Blvd. Suite 1100
Ft Lauderdale Fl 33301
Sent Via Certified Mail No.       7020 0090 0001 5907 2657
Date: June 6th, 2020
RE: Additional Facts for Complaint

FPDO,

    In addition to fraud perpetuated in this proceeding by attorney Bergmann. I would like the formal notification to the court and the complaint for disciplinary action to also reflect, counsel Bergmann exhibited a blatant disregard for my constitutional rights to represent myself based upon letter to counsel dated 4/27/2020, sent via certified mail no 7019 2280 0080 6059 4032.

    Attorney Bergmann sought monetary benefit from the submission of brief to the court, along with the intent to prejudice me before the court from obtaining relief in this criminal judgment, depriving me of my constitutional right to effective representation, as well as right to represent myself when requested.

Futher more only after, intentionally advancing litigation that under mines the totality of the proceeding and having recieved, or is due to recieve monetary benefit, does counsel attempt to coax me into pursuing self representation, after the blatant disregard of all communication sent via letter.

Not one request was honored that would have enabled me to effectively represent myself, to represent myself now would be to adopt counsels approach to this case, which I rejected from the beginning. (Sic)

Please include the following letters in motion to the court as evidence, and formal complaint along with this letter. These letters demonstrate my prior requests submited to Bergmann, prior to her May 12th, 2020, and May 21st, 2020 letter which was dispatched in bad faith.

A. 4/27/2020      7019 2280 0000 6059 4001
B. 5/4/2020       7019 2280 0000 6059 3189
C. 4/28/2020      7019 2280 0000 6059 4032
D. 5/12/2020      7018 1830 0000 5662 4029
E. 5/19/2020      7019 2280 0000 6059 7125
F. 5/24/2020      7020 0090 0001 5907 0585

Thank you for your time and attention. God bless you all!

/s/ Roy Belfast

EXHIBIT "M"

Response letter from the Fla Bar based
upon letter dispatched



# The Florida Bar

**651 East Jefferson Street**
**Tallahassee, FL  32399-2300**

Joshua E. Doyle
Executive Director

850/561-5600
www.FLORIDABAR.org

June 23, 2020

Angela E. Noble, Court Administrator
U. S. Federal Building and Courthouse
299 East Broward Boulevard #108
Ft. Lauderdale, FL  33301

Re:    Filing by Roy Belfast, Jr. against Janice L. Bergmann

Dear Ms. Noble:

The Florida Bar received the enclosed packet of documents from Roy Belfast, Jr., which appears
to be a complaint against Ms. Bergmann, a Federal Public Defender.  Insofar as Ms. Bergmann is
not a member of The Florida Bar, we are providing this information to your office for any further
action you deem proper.  By copy of this letter to Mr. Belfast, we are informing him that this
office will take no further action on this matter.

Sincerely,

Shanell M. Schuyler, Director of Intake
ACAP Hotline 866-352-0707

cc:    Roy Belfast, Jr.

EXHIBIT "N"

June 7th, 2020 letter, concerning complaint
on prosecutors

From: Roy Belfast Jr
Inmate: 76556-004
Address: U.S.P. Lee
P.O. Box 305
Jonesville, Va 24263
To: Michael Caruso  Chief Public Defender
150 West Flagler Street, Suite 1500
Miami, Fl 33130
Sent Via Certified Mail No.
          7020 0090 0001 5907 2541

Return Reciept No.
 9590 9402 3292 7196 0528 35
To: Hector Oopico Chief Assistant
150 West Flagler Street, Suite 1500
Miami, Fl 33130
Sent Via Certified Mail No.   7020 0090 0001 5907 2558
To: Bernado Lopez  Chief of Appeals
 One East Broward Blvd. Suite 1100
Fl Lauderdale, Fl 33301
Sent Via Certified Mail #   7020 0090 0001 5907 2565
Date: June 7th, 2020
RE: Facts to be contained in Fraud complaint

 FPDO,
        I would like the fraud **complaint** to be
submitted on my behalf concerning AUSA Rochlin
                (2)

and John Alex-Romano to reflect the following facts:

1. Both prosecutors for the government violated 28 U.S.C. § 530 B et seq., and ABA rules, concerning misrepresentation and or omission.

2. AUSA Karen Rochlin participated in this case under bad faith, misrepresentation, and omission, as the brief submitted in this case runs contrary to prior declarations made, released in FOIA-2016-02166, designation numbers A0091980_4-000000 and A0091980_20-000000. Prior declarations made reveal there is no evidence on record to support a violation of 18 U.S.C. § 2340 A(c), yet the litigation asserts 18 U.S.C. § 2340 A(c) to be a valid conviction. (See Docket Entry #7)

3. Prosecutors omitted In re: Roy Belfast Jr. from procedural history, to impair the courts from observing facts on the record that the 11th Cir., deemed FOIA-2016-02166 not to be "Newly Discovered" evidence under 28 U.S.C. § 2255 (h)(1).

4. Prosecutors misrepresented 7:18-cv-00453-JLK-RSB, § 2241, Belfast v. Breckon, Western District of Virginia's, active status, to preclude the court from taking judicial notice of the following:

A. FOIA-2016-02166 letter, 186 page release, and DOJ-AP-2017-005286 being entered as "new evidence", previously unavailable in prior habeas petition, § 2255.

B. Declaration by AUSA Sara Bugbee Winn found in D.E. # 14, Page 6 of 8, of above stated case, when stating:

" While the petition could be liberally read to assert that information recently obtained through FOIA request allegedly shows

z(3)

evidence that Petitioner was wrongfully convicted. (Compl., ECF No. 1 at 24) that allegation is not properly brought in a § 2241 petition. Rather, a claim of actual innocence based on allegedly new facts must be brought in a § 2255 petition. 28 U.S.C. § 2255 (h)."

c. Complete and utter waiver by the Department of Justice of case or controversy, Article III, Section 2, Clause 1, concerning a objection to the invalid nature of count 1.

All of which was designed to help produce a unconstitutional ruling by the court predicated upon fraud.

5. Prosecutors operating with clear knowledge and intent to perpetuate misrepresentation, and omission, as Movant sent prior notification to the government to avoid fraud from entering the proceeding via the following letters:

2(4)

A. Letter dated 5/10/2020, sent via certified slip no. 7019 2280 0000 6059 3158, return reciept no. 9590 9402 3552 7305 0012 81; and

B. Letter dated 5/20/2020, sent via certified slip no. 7019 2280 0000 6059 7279, return reciept no. 9590 1759 6074 8889 82.

Please furnish copies of letter dated 5/10/2020, with complaint sent via certified mail to your office under courtesy copy which are the following:
B1. Michael Caruso - 7019 0700 0000 8732 6192.
B2. Bernado Lopez  7019 2280 0000 6059 3233.
B3. Janice Bergmann - 7019 2280 0000 6059 3240.

This also goes for letter dated 5/20/2020, sent via certified mail under courtesy copy.
c1. Michael Caruso - 7019 2280 0000 6059 7262
c2. Bernado Lopez - 7019 2280 0000 6059 7101
2(5)

c3. Janice Bergmann - 7019 2280 0000 6059 7088

Thank you for your time and attention

/s/ Roy Belfast



OF ENVELOPE TO THE RIGHT
ESS, FOLD AT DOTTED LINE
ED MAIL®



001 0530 3322

Roy Belfast Jr 76556-004
U.S.P. Lee P.O. Box 305
Jonesville, Va 24263














"LEGAL MAI
Clerk of Cu
United States D
for
Southern Dist
400 N. Miam



U.S. PENITENTIARY - LEE COUNTY
PO Box 900 - Jonesville, VA 24263
DATE _____

**"Special / Legal Mail"**

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address.

LEGAL MAIL