United States District Court
for The
Southern District of Florida

FILED BY ___ D.C.
FEB 09 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Roy Belfast Jr.

v.

United States of America

Case No. 20-20385-CIV-
ALTONAGA/LOUIS
Sent Via Certified No.
7020 0640 0000 8703 4696

Movants Reply to Governments Supplemental Authority

Here comes Roy Belfast Jr. Pro-se before the court. Movant submits a rebuttal before the court concerning the Governments supplemental authority. Movant submitted motion on Feb. 3rd, 2021 to institutional mail via cert no. 7020 0640 0000 8703 4696 and return reciept # 9590 9402 3551 7305 9997 78

(1)

# ARGUMENT

Governments Supplemental Authority Has No Relevance To Movant's Pro-Se Litigation On Docket Entry # 48.

There are several important distinctions that make Garcia v. United States, 2021, WL 68305, and 2020 WL 6789038 inapplicable to the over-all litigation.

After submission of the initial argument put forward by prior counsel, movant submitted a pro-se brief under D.E. # 48, due to withdrawal by counsel. This withdrawal was based upon two things:

1.) Failure to honor movants request concerning issues relevant to the Davis analysis, prior to submission of initial brief.

2.) Failure for counsel to withdraw, to allow movant the right to self representation, based upon clear alternative presented by movant to counsel.

All of this is clearly documented on the court's docket, and serve as a important set of facts as to why D.E. # 48 was filed.

Based upon D.E. # 48, Garcia v. U.S., 2021 WL 68305 is inapplicable, to the present over-all litigation. These distinctions found in D.E. # 48 negate the application of the Eleventh Circuit decision in Garcia v. U.S., 2021 WL 68305

The distinctions are the following:

1. Movant in D.E. # 48 introduced "new evidence" found on D.E. # 7 to rebutt the fraud perpetuated in the governments brief, and to demonstrate movant is actually innocent of 924(o) and 924(c) based upon D.E. # 7, (See D.E. # 48, page 7 of 53 to page 11 of 53).

In Garcia no new evidence was submitted before the district court prior to a ruling.

2. "New Evidence" previously unavailable in prior § 2255, released in 2017 substantiates a need for a evidentiary hearing; also movant requested for a evidentiary hearing in Pro-se brief, D.E. # 48, (See Page 12 of 53, D.E. # 48).

In Garcia v. U.S. there where no evidentiary issues to be addressed, nor was a request for a evidentiary hearing made. In this case movant is clearly requesting for a evidentiary hearing based upon "new evidence" submitted on the record.

3.) In D.E. # 48 movant demonstrates misconduct by the prosecutor, due to the fraudulent assertion count 1 is still a valid conviction after Freedom of Information Act release, and Office of Information Policy findings. (See D.E. # 48 page 10 of 53).

In Garcia v. U.S. there are no allegations of misconduct for the court to have addressed. In this present litigation, the misconduct by prosecutors is supported by DOJ Freedom of Information Act release.

4.) Movant in D.E. # 48 demonstrates that based upon the invalidation of count 1, all other predicate counts 3 through 7 must be removed.

This is based upon the courts instructions to the jury, which renders all predicate counts invalid that support 924(o) and 924(c), (See D.E. # 48, Page 10 of 53).

In other words no predicate counts were proven beyond a reasonable doubt.

In Garcia v. U.S. substantive count or counts remain valid convictions.

(4)

Prosecutors supplement does not address the litigation in D.E. # 48". The over-all case before the court presents a different sub-set of issues, than the ones presented in Garcia v. U.S., since movant submitted a pro-se brief.

A evidentiary hearing now is even more relevant. Movant formally requests a evidentiary hearing prior to a report and recommendation by the magistrate.

The governments assertion count one is valid, is in direct conflict with FOIA-2016-02166 and DOJ-AP-2017-005286, presently before the court.

A evidentiary hearing will allow the prosecution to demonstratre count 1 is a valid count, and allow for the authentification of FOIA-2016-02166 under court supervision, as the __actual innocence__ of 924 (o) and 924 (c) depend upon whether count 1 is valid or not.

All Done Under The Penalty of Perjury 28 U.S.C. § 1746, on Feburary 2, 2021

/s/ Roy Belfast Jr.

I certify the fore-going document was sent to A.U.S.A Karen Rochlin, 99 N.E. 4th Street, Miami Fl 33132.



"LEGAL MAIL"

Roy Belfast Jr 76556-004
U.S.P. Lee
P.O. Box 305
Jonesville, Va 24263

submitted to institutional mail on Feb 3rd, 2021

United States District Court
For The
Southern District of Florida

Attention: Clerk of Court
400 N. Miami Avenue, Room 8N09
Miami, Fl 33128



"LEGAL MAIL"

"LEGAL MAIL"

U.S. PENITENTIARY - LEE COUNTY
PO Box 900, Jonesville, VA 24263
DATE
*Special Legal Mail*

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.