UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20385-CIV-ALTONAGA/Louis

**ROY BELFAST**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

## ORDER

**THIS CAUSE** came before the Court on *pro se* Movant Roy Belfast's [Rule] 59(e) Motion for Reconsideration [ECF No. 112], filed on November 10, 2021.[1] The Government filed a Response [ECF No. 113] on December 13, 2021. This is not the first time Movant has asked the Court to reconsider its prior rulings. It is also not the second. Or even the third. For the reasons below — and for the many reasons that the Court has previously expressed — the Motion is denied.

## BACKGROUND

In 2007, a grand jury charged Movant with eight offenses: one count of conspiracy to commit torture in violation of 18 U.S.C. section 2340A(c); five counts of torture in violation of 18 U.S.C. section 2340A; one count of conspiracy to use, carry, and possess firearms during and in relation to a crime of violence in violation of 18 U.S.C. section 924(o); and one count of using, carrying, and possessing a firearm during and in relation to a crime of violence in violation of 18

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

U.S.C. section 924(c). (*See generally* Second Superseding Indictment [CR ECF No. 257]).[2] Movant was the first person ever to be prosecuted under the torture statute. (*See generally* Sentencing Hr'g Tr. [CR ECF No. 623] 86:1–3).[3]

The facts proven at trial were shockingly cruel. Among them: Movant ordered a man's execution by beheading (*see id.* 73:18–74:15); caused a hot clothing iron to be pressed into the flesh of a victim (*see id.*); stabbed a victim with a bayonet (*see id.*); crushed a lit cigarette into a victim's wrist (*see id.*); gave an order to cut a victim's genitals (*see id.*); forced prisoners to sodomize others and be sodomized (*see* USCA Mandate [CR ECF No. 652] 14); forced victims to eat cigarette butts and drink their own urine (*see id.*); and shocked a victim's genitals with a cattle prod and poured salt onto his wounds (*see id.* 16). The jury convicted Movant of all eight of the charged counts after a 22-day trial. (*See* Verdict [CR ECF No. 581]). The Court sentenced Movant to 1,164 months of imprisonment. (*See* J. [CR ECF No. 618] 3). He remains incarcerated.

Movant filed a direct appeal. He made several arguments, including that his conviction under the Torture Act, 18 U.S.C. §§ 2340–2340A, was unconstitutional; that his conviction under 18 U.S.C. section 924(c) was unlawful because that statute did not apply to Movant's extraterritorial acts; that numerous putative procedural errors warranted reversal; and that the Court did not properly calculate his Sentencing Guidelines range. *See generally United States v. Belfast*, 611 F.3d 783 (11th Cir. 2010). The Eleventh Circuit rejected each of Movant's arguments and affirmed his "convictions and sentence in all respects" in an 87-page decision. (USCA Mandate 5).

---

[2] The Court refers to docket entries in Movant's criminal case, case number 06-cr-20758, as "CR ECF No."

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings. Citations to testimony rely on the pagination and line numbering in the original document.

Following the Eleventh Circuit's affirmance, Movant filed a petition for certiorari in the Supreme Court. (*See* Denial of Cert. [CR ECF No. 654]). The Supreme Court denied the petition. (*See id.*).

Movant then filed a motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. section 2255. (*See Belfast v. United States*, No. 12-cv-20754, Motion Under Title 28 [U.S.C. Section] 2255 to Vacate, Set Aside and Correct Sentence [ECF No. 1] filed Feb. 16, 2012 (S.D. Fla. 2013)). The motion asserted that Movant's trial counsel was ineffective for failing to raise certain appellate issues and object to some of the testimony. (*See generally id.*). The Court rejected each of Movant's arguments and denied the motion. (*See Belfast v. United States*, No. 12-cv-20754, Order [ECF No. 21] 19, filed Feb. 14, 2013 (S.D. Fla. 2013)).

Soon after that denial, Movant unsuccessfully sought a certificate of appealability from the Eleventh Circuit. (*See Belfast v. United States*, No. 12-cv-20754, Order of Dismissal from USCA [ECF No. 28] 1, filed July 15, 2013 (S.D. Fla. 2013)). Movant filed a motion asking the Eleventh Circuit to reconsider its denial of a certificate of appealability. (*See Belfast v. United States*, No. 12-cv-20754, USCA Order Denying Mot. [ECF No. 29] 2, filed Sept. 4, 2013 (S.D. Fla. 2013)). The Eleventh Circuit summarily denied the motion. (*See id.*).

Movant then applied to the Eleventh Circuit for authorization to file a successive motion under 28 U.S.C. section 2255(h). (*See* Feb. 26, 2020 USCA Order [ECF No. 8] 2; Mot. to Correct Sentence Under 28 U.S.C. [Section] 2255 [ECF No. 1]). The Eleventh Circuit granted the application as to a single claim: whether Movant was illegally sentenced under the now-invalidated residual clause of 28 U.S.C. section 924(c)(3) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* Feb. 26, 2020 USCA Order 8–9). The Eleventh

Circuit denied Movant's application to file a successive motion on all other issues raised in the application. (*See id.* 8).

On June 2, 2021, the Court denied Movant's successive motion. (*See* Order Denying Successive Mot. [ECF No. 84]). The Court concluded that Movant had procedurally defaulted his *Davis*-based challenges to his convictions under 28 U.S.C. sections 924(c) and 924(o). (*See* Order Denying Successive Mot. 10). It also concluded that Movant's claim failed on the merits. (*See id.* 13). The Court entered final judgment the same day. (*See* Final J. [ECF No. 85]).

We're not done yet. Following denial of the successive motion, Movant sought another certificate of appealability from the Eleventh Circuit. (*See* USCA Order of Dismissal [ECF No. 111] 2). The Eleventh Circuit agreed that Movant had procedurally defaulted his *Davis* claim and denied Movant's application to appeal. (*See id.* 2–4).

While Movant's application to appeal was pending, he filed several motions in this Court: a Motion [Under Rules] 60(b)3), 60(b)(6), and 60(d)(3) for Relief from Judgment [ECF No. 96]; a Motion to Request the Court to Apply the Judicial Estoppel Principle in Determining the [Rules] 60(b)(3), (b)(6), and (d)(3) [Motion] Before the Court [ECF No. 103]; a [Motion] to Withdraw [Rule] 60(b)(6) Claim Before the Court [ECF No. 104]; and a [Motion Under Rule] 60(b)(4) [to] Void Judgment and Subject Matter Jurisdictional Challenge Based Upon the District Court's Loss of Jurisdiction to Impose Counts Two and Eight Prior to Sentencing [ECF No. 107]. Together, these motions requested that the Court reconsider its denial of Movant's successive motion and grant of Final Judgment in favor of the Government.

On October 21, 2021, the Court denied each of the motions in a single order. (*See* Order [ECF No. 109]). Movant then filed the current Motion, which seeks reconsideration of the Court's order denying Movant's various motions for reconsideration. (*See* Mot. 2).

**LEGAL STANDARD**

Movant is not represented by counsel, so the Court must liberally construe his filings. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014). Yet, even *pro se* litigants are bound by the Court's procedural rules and other applicable laws. *See, e.g.*, *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

"A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (alteration added). A motion for reconsideration is also not a vehicle to revisit prior arguments, present issues that should have been presented previously, or "request that the court rethink 'what it already thought through — rightly or wrongly.'" *Pines Props., Inc. v. Am. Marine Bank*, No. 00-8041-Civ, 2004 WL 5562664, at *1 (S.D. Fla. Jan. 15, 2004) (quoting *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

Courts recognize "three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted).[4] "The decision to grant or deny a motion for

---

[4] To the extent Movant seeks relief under Rule 59(e), that Rule provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e) (alteration added). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration adopted; quotation marks and citation omitted). "A [R]ule 59(e) motion may not be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *United Educators Ins. v. Everest Indem. Ins. Co.*, 372 F. App'x 928, 930 (11th Cir. 2010) (alteration added; quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Burger King Corp.*, 181 F. Supp. 2d at 1369 (alteration added; citation omitted). Whether the Motion is

reconsideration is committed to the district court's sound discretion." *Pena v. United States Coast Guard Seventh Dist.*, No. 18-23188-Civ, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (citation omitted).

### DISCUSSION

Movant raises three arguments in his Motion for Reconsideration: (1) the Government misrepresented Movant's arguments during litigation; (2) the Court "failed to address the full merits" of Movant's claim under Federal Rules of Civil Procedure 60(b)(3) and 60(b)(4); and (3) the Court should have allowed Movant time to file a reply to the Government's Response to Movant's Motion Under Rule 60(b)(4) [ECF No. 108]. (Mot. 3). The Court addresses the first two arguments together before moving on to the third.

To start, Movant contends the Government misrepresented his argument regarding the evidence supporting his conviction for conspiracy to commit torture (Count One). (*See id.*). According to Movant, he "has only asserted the 'devoidness of evidence' standard[,]" and the Government has improperly recast his argument as an "insufficiency of evidence argument." (*Id.* (alteration added)). Movant further contends that the Court "failed to address the full merits" of his claim because it "relied upon the [G]overnment's misrepresentation[.]" (*Id.* 5 (alterations added)). Movant's contentions are both factually incorrect and beside the point.

Movant's assertion that the Government has improperly recast his argument is incorrect for two reasons. First, the Eleventh Circuit characterized Movant's argument as an attack on his conviction under Count One for not being "supported by sufficient evidence[.]" (Feb. 26, 2020 USCA Order 4–5 (alteration added)). This characterization was based on "a number of

---

construed as a motion for reconsideration or as a Rule 59 motion, it is due to be denied for the reasons discussed in this Order.

documents" that Movant submitted in support of his application for leave to file a successive motion. *Id.*

Second, each of the cases that Movant cites for the devoid-of-evidence standard involved a criminal defendant raising an unpreserved challenge to the sufficiency of the evidence on a *direct appeal*. (Mot. 4 (citing *United States v. Near*, 708 F. App'x 590, 596–97 (11th Cir. 2017); *United States v. Carvajal*, 838 F. App'x 85, 85 (5th Cir. 2021); *United States v. Mendoza-Martinez*, 329 F. App'x 563, 563 (5th Cir. 2009); *United States v. Thomas*, 12 F.3d 1350, 1358–59 (5th Cir. 1994)). That aside, Movant's argument works against him because he is requesting the application of a *heavier* burden. (*See* Mot. 5 ("Devoid of evidence is a different standard from sufficiency of evidence. It is a higher standard[.]" (alteration added)). It is thus unclear what purpose Movant's argument serves other than being "a thinly veiled attempt to relitigate the Court's prior adverse rulings on the issue and circumvent the limits of the Eleventh Circuit's successive section []2255 authorization." (Oct. 21, 2021 Order 4 (alteration added)).

Movant's arguments are also meritless because the Court is not authorized to consider them. As explained in the Court's October 21, 2021 Order, the Eleventh Circuit specifically denied Movant leave to raise any claims in his successive motion unrelated to his *Davis* claim. (*See id.*). Thus, "the Court is not authorized to consider Movant's challenge to the sufficiency of the evidence for his conspiracy conviction." (*Id.* 4–5 (citing *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (explaining district court lacks jurisdiction to consider successive habeas claim that circuit court did not authorize petitioner to pursue))).

Moreover, the Court has "repeatedly rejected [Movant's] arguments both on the merits as well as for lack of jurisdiction." (*Id.* 3–4 (alteration added)). Movant yet again improperly requests the Court "rethink what it already thought through[.]" *Pines Props., Inc.*, 2004 WL

7

5562664, at *1 (alteration added; citations and quotation marks omitted). Rule 60 plainly does not permit such relief.[5]

Moving on, Movant argues that ruling before he could file a reply in support of one of his many motions for reconsideration deprived him of due process. (*See* Mot. 7–8). He is wrong. *See United States v. Martin*, No. 98-178, 2020 WL 2848191, at *2 & n.14 (E.D. Pa. June 2, 2020) (noting that "the limited number of cases addressing this argument find a habeas petitioner does not have a due process 'right' to file a reply" and collecting cases). Movant "has not pointed to, nor is the Court aware of, any authority requiring the Court to wait for a reply before ruling" on a motion. *United States v. Farias*, No. 13-20460-cr, 2014 WL 4930641, at *2 (S.D. Fla. Oct. 1, 2014); *see also Gonzalez v. Batmasian*, 319 F.R.D. 403, 406 (S.D. Fla. 2017) ("Defendants cite no authority for the proposition that I was required to consider their reply before ruling [on their motion for reconsideration]." (alteration added; citations omitted)). Indeed, the filing of a reply is discretionary under the Local Rules. *See* S.D. Fla. L.R. 7.1(c)(1). And the Eleventh Circuit has found no plain error in a district court's denial of a motion before the movant had the opportunity to file a reply brief. *See United States v. Anderson*, 517 F. App'x 772, 776 (11th Cir. 2013).

In any event, the Court has now considered and rejects the arguments Movant would have raised in his reply. *Cf. All. of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1328 (9th Cir. 2013) (holding that district court's failure to consider response before ruling did not

---

[5] Movant also lists four arguments that he says were first raised in his Reply to Government's Response to Motion to Correct Sentence Under 28 U.S.C. [section] 2255 [ECF No. 48]. (*See* Mot. 6). As explained, the Court is not authorized to consider Movant's challenge to the sufficiency of the evidence supporting his conspiracy conviction. Further, any proper argument raised in Movant's Reply was considered in the Court's June 2, 2021 Order denying Movant's successive section 2255 motion, and Rule 60(b) is not a vehicle for the endless rehashing of arguments previously raised and considered. The Court will summarily deny any future motions that seek to relitigate matters already considered or that the Court lacks authorization to consider.

affect party's substantial rights, and that it was sufficient for court to consider arguments raised in response in motion to reconsider). Movant thus has not suffered a due process violation.

Accordingly, it is

**ORDERED AND ADJUDGED** that [Rule] 59(e) Motion for Reconsideration **[ECF No. 112]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 14th day of December, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Movant, *pro se*